ARKANSAS DEPARTMENT OF HUMAN SERVICES,
et al. *v.* GREENE ACRES NURSING HOMES, INC.,
Extendi-Care, Inc., et al.

88-102 757 S.W.2d 563

Supreme Court of Arkansas
Opinion delivered October 10, 1988

*Breck G. Hopkins*, Deputy Gen. Counsel, and *Richard B. Dahlgren*, Asst. Gen. Counsel, Dept. of Human Servs., Office of Gen. Counsel, for appellant.

*Mooney & Boone*, for appellee Extendi-Care, Inc.

*Branch, Thompson & Philhours, A Professional Association*, by: *Robert F. Thompson*, for appellee Greene Acres Nursing Homes, Inc.

ROBERT H. DUDLEY, Justice. This is an appeal from a circuit court judgment reversing the decision of an administrative agency, the Long Term Care Facilities Advisory Board. We hold the appeal is moot as to Greene Acres Nursing Homes, Inc. and reverse the circuit court's judgment as to Extendi-Care, Inc.

A brief history of the legislation involved is helpful in understanding the issues. Act 593 of 1987 (Regular Session) became effective on April 4, 1987. Prior to that date, it was necessary to obtain a certificate of need from the State Health Planning and Development Agency before a nursing home could be constructed, expanded, or altered. With the enactment of Act 593, it was no longer necessary for a nursing home to obtain a permit of approval for an associated capital expenditure of less than five hundred thousand dollars ($500,000). On June 19, 1987, Act 40 of 1987 (1st Extraordinary Session) went into effect. It placed a moratorium on the licensing of additional nursing home beds. There are certain exceptions to the moratorium, none of which are pertinent to this appeal.

Appellees, Greene Acres Nursing Homes, Inc. and Extendi-Care, Inc., submitted applications for licenses to add beds to their nursing home facilities after Act 593 (Regular Session) became effective but before the effective date of the Act 40 (1st Extraordinary Session) moratorium. The amounts of capital expenditure associated with their proposed expansions brought them within the $500,000 or less exception of Act 593. However, appellees were notified by letters dated July 20, 1987, that their applications would be reviewed in conformance with the law in effect at the time of the review, that is, Act 40 of 1987.

Appellees and over seventy other similarly situated applicants requested a hearing before appellant, the Long Term Care Facilities Advisory Board. One hearing for all of the applicants was held on September 17, 1987. By letter of October 19, 1987, the Chairman notified the applicants that all applications would be reviewed individually applying the law in existence at the time of the review, that is, Act 40. The letter also specifically designated that it was final agency action for purposes of judicial review.

Appellees petitioned for judicial review in circuit court. The case was heard on January 4, 1988, and the circuit court reversed the agency action holding that Act 40 did not apply to applications filed during the pendency of Act 593. That holding was in error.

Before discussing the reason that holding was in error, we dispense with the mootness issue raised by appellee Greene

Acres Nursing Homes, Inc. It argues that this appeal is moot because the Office of Long Term Care inspected and approved the additional beds as evidenced by a letter dated May 13, 1988. Appellants do not deny that the additional beds have now been licensed. Rather, they argue that they "were obliged to conform their conduct to the dictates of the trial court's order." The argument is misplaced, however, because the trial court stayed that part of its order requiring the State to inspect and license the facilities in its Limited Supersedeas Order filed March 29, 1988. Since appellants went ahead and licensed the additional beds, even in the absence of a court order requiring them to do so, this appeal is moot with respect to appellee Greene Acres Nursing Homes, Inc., and that part of the appeal is dismissed. Therefore, the remainder of this opinion is addressed to the issues only as they affect appellee Extendi-Care, Inc.

 The administrative decision which was under review by the trial court clearly involved a question of law, not fact. Agency interpretations of statutes are afforded great deference, even though they are not binding. *Arkansas Pub. Serv. Comm'n* v. *Allied Tel. Co.*, 274 Ark. 478, 625 S.W.2d 515 (1981). The language of the Acts in question is very clear. Section 6 of Act 593 dispensed with the requirement of a permit of approval for nursing homes having an associated capital expenditure of less than $500,000; however, it did not abolish the license application process. Section 6 of Act 40, on the other hand, imposes a moratorium on all requests for additional beds unless the applicant falls within certain specified exceptions not asserted in this appeal:

> (A) From the effective date hereof [June 19, 1987] until June 1, 1989, there shall be no new hospitals, home health agencies, nor nursing homes, . . . constructed in this State nor shall there be any additional beds licensed for existing hospitals, nursing homes, or intermediate care facilities in this State. The Commission may remove any or all of the moratoria anytime after June 1, 1988 . . . .

The emergency clause of Act 40 provides that it "shall become effective from and after its passage and approval."

 Since appellee submitted its application during the effective dates of Act 593, it qualified for the exception to the

permit of approval requirement. However, even if its application for a license was complete under Act 593 for purposes of processing and review, a license for that application still had not been granted prior to the effective date of Act 40. The clear language of Act 40 prohibits the issuance of licenses during the effective dates of the moratorium. The fact that Act 40 results in the denial of licenses with respect to applications submitted prior to its enactment does not mean that it is being applied retroactively. Rather, Act 40 is being applied from and after its effective date of June 19, 1987, to impose the legislatively mandated moratorium.

■ We also reject appellee's argument that Act 40 applies only to the review and issuance of permits of approval and that it is not applicable to the licensure of projects. In doing so, we again need only turn to the clear language of the Act, "nor shall there be any additional beds *licensed* for . . . nursing homes . . . in this State."

We dismiss in part and reverse and remand in part to the trial court for proceedings in accordance with this opinion.