## Walt PATTERSON *v.* HILLCREST HOME

88-289                                                    770 S.W.2d 654

Supreme Court of Arkansas
Opinion delivered May 30, 1989

*Breck G. Hopkins,* Deputy General Counsel, and *Robert B. Dahlgreen,* Asst. Gen. Counsel, for Dep't of Human Services, Office of General Counsel.

*Perroni, Rauls & Looney, P.A.,* by: *Stanley D. Rauls,* for appellee.

DARRELL HICKMAN, Justice. This is the third case concerning the review and licensure of additional beds in nursing homes

pursuant to Act 593 of 1987 and Act 40 of 1987, First Extraordinary Session. The trial court ordered the Department of Human Services (DHS) to review Hillcrest's application for additional beds under Act 593 and, upon satisfactory completion, to issue the requested license. The court's order is affirmed in part and reversed in part.

The issue in this case is the same one we addressed in the recent case of *Scott* v. *Consolidated Health Management, Inc.*, 297 Ark. 601, 764 S.W.2d 434 (1989), that is, should Act 593 or Act 40 govern administrative review of the application? In this case, as in *Scott*, Act 593 was in effect at the time the application was filed, but Act 40 became effective before the review process was completed. We held in *Scott* that the nursing home's application should be reviewed pursuant to Act 593. Therefore, the trial court's ruling, ordering review of the application under Act 593, is affirmed.

The trial court also ordered licensure of the additional beds. Act 40 placed a moratorium on the issuance of such licenses to extend through June 1, 1989. We held in *Arkansas Dept. of Human Services* v. *Green Acres Nursing Homes, Inc.*, 296 Ark. 475, 757 S.W.2d 563 (1988), that Act 40 prevents actual issuance of a license during the moratorium period, even though the application was filed before the effective date of Act 40. So the trial court erred in ordering issuance of the license and is reversed in that regard.

The appellant also argues that the trial court should have transferred the case to Greene County, the site of the first judicial review of the DHS's interpretation of these two acts. *See* Ark. Code Ann. § 25-15-212(e) (1987). It would be a futile and senseless act to remand the case for transfer since the substantive issues in the case have been resolved by our recent decisions.

Affirmed in part and reversed in part.

HAYS and GLAZE, JJ., concur.