The Honorable Steve Bell State Senator P.O. Box 4282 Batesville, Arkansas 72503
Dear Senator Bell:
This is in response to your request for an opinion on six questions concerning A.C.A. § 16-92-109 and the payment of fees to attorneys representing indigent criminal defendants. Your questions will be set out below and answered in the order posed.
Your first question is as follows:
 1. In a trial of a person charged with a felony offense, is the State of Arkansas obligated to reimburse all of the costs to the county responsible for the cost of the criminal trial in any amount of cost to the county which exceed an amount determined by multiplying the total population of the county, as shown by the last federal census, by 25 cents?[1]
Some clarification is necessary prior to answering this question. The reimbursement procedure provided in A.C.A. § 16-92-109 only applies in certain instances. For example, this reimbursement procedure does not apply in counties which have, pursuant to A.C.A. § 14-20-102, adopted a five dollar court cost to fund the defense of indigents. See A.C.A. § 14-20-102(c), and Op. Att'y. Gen. Nos. 91-361 and 90-168, copies of which are enclosed. It is my understanding that a heavy majority of Arkansas counties have adopted this five dollar fee, and as such, are not eligible for the state reimbursement procedure provided at A.C.A. § 16-92-109.
That being said, in response to your first question, it is my opinion that the legislative intent behind Act 1076 of 1985, which was the first legislative pronouncement authorizing the reimbursement of these attorney's fees, was that the reimbursed amount for attorney's fees would not exceed the maximum amounts "capped" by the statutes. It is therefore my opinion that the answer to your first question is "no."
This conclusion stems from the legislative history and a review of Section 1 of Act 1076 of 1985 which provides in pertinent part:
 Upon being furnished an order of the court fixing the aforementioned [capped] fees, the Quorum Court of the County in which the indigent was charged shall appropriate from the County General Fund adequate funds to pay such fees, not to exceed the amount of Three Hundred Fifty Dollars ($350.00) for the attorney's fees nor One Hundred Dollars ($100.00) for investigation expense, and the County Treasurer shall disburse such fees to the appointed attorney. The balance not paid by the counties shall be paid by the State from the Trial Expense Assistance Fund' [sic] created by Act 24 of 1979.
It is my opinion, in light of the close connection shown above between the setting of the capped amounts and the statement authorizing reimbursement, that the intent was to authorize only the balance of these "capped" fees to be paid from the Trial Expense Assistance Fund. The issue is not entirely clear, however, and a court faced with the question might conclude that the phrase "[t]he balance not paid by the counties" refers to any balance outstanding. See generally, Op. Att'y. Gen. No.91-361.
In addition, as you note in the sixth question you have posed, the Department of Finance and Administration ("DFA") has issued regulations which limit reimbursement of attorneys' fees to these capped amounts which were held unconstitutional. These rules stand as authority that reimbursement is not authorized in excess of the capped amounts, and DFA's executive interpretation of the statute will be accorded substantial weight by a court. ArkansasDepartment of Human Services v. Green Acres Nursing Homes, Inc.,296 Ark. 475, 757 S.W.2d 563 (1988).
Again, it is my opinion that therefore, the answer to your first question is "no."
Your second question is as follows:
 May a county pay its debts to private individuals by the issuance of a promissory note? If so, what limitations must be placed on the promissory note, such as interest rates, term of the note, etc.
It is my opinion that the answer to this question is generally "no," unless the note is to be paid with other than tax dollars, or the note bears no interest and will be payable in entirely the same year as the debt was incurred.
Counties are prohibited from issuing any "interest bearing evidences of indebtedness." See Arkansas Constitution, art. 16, § 1. The county, therefore, may not issue a promissory note which is to bear any interest. (Unless, presumably, it is issued as a "revenue bond" pursuant to the provisions of Amendment 65 of the Arkansas Constitution and therefore not payable from taxes.) Additionally, counties may not make a contract in one year to be paid out of the revenue of a succeeding year. See Arkansas Constitution, art. 12, § 4, and Goodwin v. State, 235 Ark. 457,360 S.W.2d 490 (1962). A county may not, therefore, make a promissory note in one year to be paid with revenues from a succeeding year. (Again, the exception is for contracts payable solely from special funds and not taxes. See Hink v. Board ofDirectors, 235 Ark. 107, 357 S.W.2d 271 (1962) and Amendment 65 as to "revenue bonds.") It is therefore my opinion that the answer to this question is generally "no" with the noted exceptions.
Your third question is as follows:
 Will the county be eligible for reimbursement if the county has obligated itself for the cost of a trial by the giving of a debt instrument, such as a promissory note?
To the extent the county is otherwise eligible for reimbursement (in the limited instances noted earlier), it is my opinion that the giving of a promissory note by the county to a particular attorney (under the limited conditions authorized by law) will not obliterate eligibility to the extent established under the statutes of this state. Due to the uncertainty of existing law surrounding these questions, and the uncertainty concerning what actions will be taken by the state to change this law, however, each county should consult with its appointed legal counsel to ensure that the county does not obligate itself to pay amounts which it is not otherwise legally required to pay.
Your fourth question is as follows:
 If a county is eligible for reimbursement from the State of Arkansas, and the Trial Expense Assistance Fund does not have sufficient funds to pay the cost, then must any additional amounts requested be presented to the State of Arkansas Claims Commission for approval?
It is unclear, in my opinion, whether the State Claims Commission would in any instance have jurisdiction over this type of claim.See A.C.A. § 19-10-204 (Cum. Supp. 1991). In any event, if the reimbursable amounts are limited to the former "caps" which were held unconstitutional, as set out earlier in this opinion, the Claims Commission would not have the authority to award amounts in excess of these amounts as the attorneys in question would not have a "claim" against the state for this excess. Your fourth question, therefore, may have been mooted by the answer to your first.
Your fifth question is as follows:
 Once the Trial Expense Assistance Fund has been depleted, must any other funds to be added to the fund be done by an additional appropriation from the legislature?
Section 16-92-109(e)(2) provides that the Trial Expense Assistance Fund, "shall consist of moneys transferred to it, as costs are incurred, from the Miscellaneous Revolving Fund." This fund is created at A.C.A. § 19-5-1009, and it is my understanding that it is classified as a State Treasury fund. The answer to your question is therefore "yes," on constitutional grounds, if the funds come from the State Treasury. See Arkansas Constitution, art. 5, § 29 and art. 16, § 12. These sections of the Constitution require an appropriation when funds are drawn from the state "treasury." At least some other non-treasury funds are required by statute to be appropriated. See A.C.A. §19-4-803. In any event, A.C.A. § 19-5-1009(d) which provides for the Miscellaneous Revolving Fund to be used to provide monies for the Trial Expense Assistance Fund, states that "no more than fifty thousand dollars ($50,000) may be transferred during any biennial period" from this fund for this purpose.
Your sixth question is as follows:
 The Department of Finance and Administration has issued regulations for the administration of the Trial Expense Assistance Fund. These regulations limit reimbursement of attorneys' fees and investigative expenses to the same limits as previously contained in A.C.A. § 16-92-108. In view of the fact that these limitations have been ruled unconstitutional in the case of Arnold v. Kemp
(Ark. July 15, 1991), are the limitations contained in the regulations valid and binding or have they in effect been also overruled?
It is my opinion that the answer to this question is "no."
It is my opinion, as set out earlier, that the legislative intent was to authorize reimbursement only up to the maximum limits set by the legislature (albeit now unconstitutional). This legislative intent is extrapolated in the regulations of DFA. In my opinion, the fact that the Arkansas Supreme Court has held that attorneys appointed to such cases are entitled to "just compensation" does not amount to a holding that the state, under the reimbursement procedure, is required to pay more than the maximum amounts set by the legislature.
Clearly, some governmental entity will ultimately be responsible for the payment of "just compensation" to these attorneys. The legislature, in my opinion, has placed the burden of payment on the counties within limited maximums (which were held unconstitutional). The legislature has also authorized state reimbursement, in certain instances, within these maximums. A.C.A. §§ 16-92-108(c)(2) and 16-92-109. It is my opinion that the court's holding in Arnold v. Kemp, supra does not work automatically to increase the limits of state reimbursement (which was subject to the cap). It appears that the immediate effect of the court's decision is to require the counties to pay these excess amounts; a requirement with which many counties are unable to comply. Legislative clarification is therefore indicated.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
Enclosures
[1] There may be a question as to whether the 25¢ per capita "floor" for reimbursement is applicable to reimbursement for indigent attorneys' fees. As originally drafted, A.C.A. §16-92-109 did not authorize reimbursement for attorneys' fees for investigation and defense in indigent cases. In fact, this exclusion still appears in the statutes at A.C.A. §16-92-109(a)(2) which exempts these attorney's fees from the definition of "costs" which are reimbursable under the statute. The legislature, however, in a 1985 act, which amended a different statute (see A.C.A. § 16-92-108; the statute which sets the unconstitutional cap on fees), provided that the "balance" of these capped fees "not paid by the counties shall be paid by the state from the Trial Expense Assistance Fund created by A.C.A. § 16-92-109. See Act 1076 of 1985. It is unclear, therefore, whether the legislature intended, by virtue of this 1985 act, to impose the 25¢ per capita limit on reimbursement of these fees, or whether the state would simply reimburse "the balance not paid by the counties." It is my opinion, however, that the probable legislative intent was to authorize the balance to be paid by the state from the Trial Expense Assistance Fund created by A.C.A. § 16-92-109 and under the procedures set out in that same statute, which would include the 25¢ per capita "floor" for reimbursement.