Gail and William DICKENS *v.* FARM BUREAU
MUTUAL INSURANCE COMPANY of Arkansas

93-680                                           868 S.W.2d 476

Supreme Court of Arkansas
Opinion delivered January 18, 1994

*Joe Cambiano*, for appellants.

*Laser, Sharp, Wilson, Bufford & Watts, P.A.*, by: *Brian Allen Brown* and *Sam Laser*, for appellee.

STEELE HAYS, Justice. This is an action between an insurer, Farm Bureau Mutual Insurance Company of Arkansas (appellee) and its insured, William and Gail Dickens (appellants). In February 1991, The Dickenses sustained roof damage to their home as the result of wind and rain. They contacted their insurer Farm Bureau and the company referred them to Carl Parks, d/b/a Ozark

Home Improvements. Parks met with the Dickenses and they signed a contract providing for repairs costing $3,500. Farm Bureau issued a check for the stipulated amount (less a deductible of $500) payable to Parks and the Dickenses. Parks endorsed the check to the Dickenses in accordance with their agreement that the contract price would be paid in $1,000 increments as the work progressed.

The Dickenses had issued one check for $1,000, which Parks had cashed. At some point a dispute arose over the installation by Parks of a skylight in a flat roof over the den. The Dickenses had issued the second check for $1,000 but stopped payment on the check after delivering it to Parks. Parks had not completed the repairs and the Dickenses contacted Farm Bureau. Another repairman worked on the remaining problems and was paid by Farm Bureau and the Dickenses.

Carl Parks filed suit in municipal court against the Dickenses for the $1,000 check. The Dickenses counter-claimed for negligent repair and water damage to their home and the case was removed to circuit court. The Dickenses later filed a cross-complaint against Farm Bureau for the damage attributable to Parks's work.

The matter went to trial on March 2, 1993. At the end of the evidence Farm Bureau moved for a directed verdict on the premise that Parks was an independent contractor and not an agent of Farm Bureau. The issue was taken under advisement and the case was submitted to the jury. It found for Parks against the Dickenses for $1,000, and for the Dickenses against Farm Bureau for $17,500. Farm Bureau moved for judgment notwithstanding the verdict, contending Carl Parks was an independent contractor as a matter of law. The motion was granted. The Dickenses appeal arguing the trial court erred in granting judgment notwithstanding the verdict.

The only issue on appeal is whether the trial court properly found as a matter of law that Carl Parks was an independent contractor and not an agent of Farm Bureau. A recent treatment of the question of agency versus independent contractor is found in *Blankenship* v. *Overholt*, 301 Ark. 476, 786 S.W.2d 814 (1990). There, we listed the factors affecting master/servant

versus independent contractor found in Section 220 of the Restatement (Second) of Agency. They are:

(a) the extent of control which, by the agreement, the master may exercise over the details of the work;

(b) whether or not the one employed is engaged in a distinct occupation or business;

(c) the kind of occupation, with reference to whether in the locality, the work is usually done under the direction of the employer or by a specialist without supervision;

(d) the skill required in the particular occupation;

(e) whether the employer or the workman supplies the instrumentalities, tools, and the place of work for the person doing the work;

(f) the length of time for which the person is employed;

(g) the method of payment, whether by the time or by the job;

(h) whether or not the work is a part of the regular business of the employer;

(i) whether or not the parties believe they are creating the relation of master and servant; and

(j) whether the principal is or is not in business.

In *Blankenship, supra,* we adhered to the position that the right of control is the principal factor in determining whether the relationship is one of agency or independent contractor.

In this case, there is no evidence that Farm Bureau had any control over the details or the manner of Parks's work on the roof. The Dickenses point to the fact that Farm Bureau opted to repair rather than reroof, but that does not evince control by Farm Bureau over Parks, or even show a relationship with him, rather, it touches on the relationship of Farm Bureau with the Dickenses. Parks was not hired until after the decision to repair was made.

Parks had his own roofing repair business and had been so employed for a number of years. He used specialized equipment and techniques, and it was stated there were only a handful of such contractors in the state who did the particular work involved. Parks provided all his own tools and employed his own assistants and was paid by the job. Farm Bureau is not in the business of roof repair and both Parks and Farm Bureau testified that Parks was working for the Dickenses, and not for Farm Bureau. Additionally, it was the Dickenses who hired Parks and directed the method by which he would be paid and it was the Dickenses who discharged Parks when they became dissatisfied with his work. We note, too, that the complaint of the Dickenses contained no allegation of a master-servant relationship between Farm Bureau and Parks.

In short, there is an absence of proof that Farm Bureau had any control over the manner in which Parks performed the contract, or any of the details of the work. The only conclusion consistent with the proof is that the right of control was in the Dickenses and the record is devoid of any evidence to the contrary. It follows that the trial court was correct in granting a judgment notwithstanding the verdict.

Affirmed.

GLAZE, J., not participating.