**UNITED STATES COURT OF APPEALS**

**FOR THE EIGHTH CIRCUIT**

_____

No. 95-2672

_____

American Eagle Insurance          *
Company,                         *
                                 *
                                 *     Appeal from the United States
      Plaintiff - Appellant,      *     District Court for the Eastern
                                 *     District of Arkansas.
v.                               *
                                 *
John H. Thompson,                *
                                 *
      Defendant - Appellee.       *

_____

Submitted: January 8, 1996

Filed:          May 28, 1996
_____

Before WOLLMAN, CAMPBELL,* and MURPHY, Circuit Judges.

_____

*The HONORABLE LEVIN H. CAMPBELL, Senior United States Circuit Judge for the First Circuit, sitting by designation.

CAMPBELL, Senior Circuit Judge.

Plaintiff-appellant American Eagle Insurance Company ("American Eagle") filed this diversity action in the Eastern District of Arkansas seeking a declaration that John H. Thompson was not covered under an aviation insurance policy issued by it to Arkansas Aircraft Inc. ("Arkansas Air"). American Eagle sought a determination that it had no duty to defend or indemnify Thompson in two underlying state tort actions in Georgia. After a jury concluded by special verdict that Thompson was an employee of Arkansas Air, the district court ruled as a matter of law that Thompson was covered by the policy. The court denied American Eagle's motion for judgment as a matter of law or in the alternative for a new trial. American Eagle appeals from the final judgment entered in favor of Thompson. We reverse and remand.

**I.**

Arkansas Air is the fixed-base operator -- the company that fuels, services and hangars airplanes -- at the Jonesboro, Arkansas airport. The company also runs an air charter business and buys and sells used airplanes. Mark Haggenmacher and Larry Grisham, the owners of Arkansas Air, occasionally hired John Thompson to fly their planes. Thompson worked full-time in the real estate business, but sometimes accepted piloting jobs from various companies in order to keep up his pilot licenses. Thompson charged an hourly rate for his services; he had no formal employment relationship with Arkansas Air or with any other company for which he piloted.

In April 1993, the owners of Arkansas Air loaned an airplane to one of their friends, Nelson Henry.[1] Henry, not being a pilot,

_____

[1]Arkansas Air had made similar loans of aircrafts in the past. These loans were not part of the company's regular rental or charter service. Arkansas Air did not charge for the use of the plane but passed along the costs of the trip to the person borrowing the plane -- Henry, in this case.

-2-

asked if Arkansas Air could arrange for Thompson to fly him to and from Hilton Head, South Carolina, on April 27. Haggenmacher called Thompson, relayed the departure and return times for the flight, and Thompson agreed to pilot. The flight from Jonesboro to Hilton Head took place as scheduled. On the return trip, as Thompson was landing for an interim stop at Statesboro, Georgia, his plane collided in mid-air with another airplane. Henry and the student pilot of the other aircraft died as a result of the accident.

Separate lawsuits arising from the crash were filed on behalf of the deceased student pilot in Georgia state court against Thompson and Arkansas Air. Arkansas Air's insurance policy then in effect provided in relevant part:

> [Y]our bodily injury and property damage liability coverage protects you and <u>any of your employees</u> while in the scope of his or her employment whom you permit to fly your aircraft, and any person or organization using your aircraft while it is operated by you or your employee.

American Eagle Aircraft Insurance Policy No. AFN0061519 (emphasis supplied). Thompson asserted that he was an employee of Arkansas Air at the time of the crash and therefore was within the policy coverage. American Eagle filed this action in the district court pursuant to the federal Declaratory Judgement Act, 28 U.S.C. §§ 2201 <u>et seq.</u>, seeking a declaration of noncoverage under Arkansas Air's insurance policy.

The action was tried to a jury which was instructed to answer a single factual question -- whether Thompson was an employee of Arkansas Air at the time of the accident. The district court indicated to counsel that a jury verdict finding that Thompson was an employee of Arkansas Air would result in a ruling that Thompson was covered under the policy, but that a jury verdict finding that

Thompson was not an employee would leave the question of coverage for the court to determine after interpreting the insurance contract. The jury concluded that Thompson was an Arkansas Air employee, and the court therefore ruled that he was covered by the insurance policy. Thompson was granted attorney's fees pursuant to Ark. Code Ann. § 27-79-209 (Michie 1992).

II.

**A.    Sufficiency of the Evidence**

American Eagle asserts on appeal that the district court erred in not granting its motion for judgment as a matter of law pursuant to Fed. R. Civ. P. 50. When reviewing the district court's refusal to grant judgment as a matter of law, we resolve factual conflicts and make all reasonable inferences in favor of the prevailing party. See Yannacopoulos v. General Dynamics Corp., 75 F.3d 1298, 1302 (8th Cir. 1996). We affirm the judgment of the district court if the evidence allows reasonable jurors to differ as to the conclusions. Grand Laboratories, Inc. v. Midcon Labs of Iowa, 32 F.3d 1277, 1280 (8th Cir. 1994).

Here, while the jury could doubtless have found to the contrary, there is sufficient evidence to support the jury's verdict that Thompson was an employee of Arkansas Air. The policy covered "employees," but did not define that term. We believe that the jury could read it to include casual employees as well as full-time employees with offices, salaries, health and retirement packages, and other such benefits. The evidence at trial showed that the owners of Arkansas Air "hired" Thompson on multiple occasions to fly their planes. In these situations, Arkansas Air employees would direct Thompson as to the date of the flight, the departure time, the aircraft to be flown, the number of passengers on board the aircraft, the destinations, and the return times. Thompson himself testified that he was an employee of Arkansas Air

-4-

and that Arkansas Air had the right to direct his action. See Blankenship v. Overholt, 301 Ark. 476, 478-79, 786 S.W.2d 814, 815 (1990) ("In drawing the line between independent contractor and servant, we look at the totality of the circumstances[, and] the extent of control [that the employer exercises over the work] is the principal factor in determining the relationship."); accord Dickens v. Farm Bureau Mutual Ins. Co. of Ark., 315 Ark. 514, 516-17, 868 S.W.2d 476, 477-78 (1994). Although Thompson also piloted for several other companies, he was not setup formally in business as a contract pilot with the associated title, advertising, and records. We find no error in the district court's denial of American Eagle's motion for judgment as a matter of law.

## B.    The Burden of Proof

The district court placed the burden of proving that Thompson was not an employee of Arkansas Air upon American Eagle, after refusing a proposed instruction that would have assigned to Thompson the burden of proving that he was an employee.[2] American Eagle argues that a new trial is warranted because the court's assignment of the burden of proof departed from Arkansas law and prejudiced "substantial rights." It asserts that the district court placed the burden of proof upon American Eagle simply because, seeking a declaratory judgment, it was in the procedural posture of plaintiff. American Eagle now asks this court to hold that the parties' reversal of positions for purposes of this declaratory judgment action did not alter the fact that Thompson, the person seeking coverage, was required to carry the burden.

---

[2]Although the jury instructions explained the nature and function of the burden of proof, they did not explicitly state that the burden of proof was on American Eagle. The jury was, however, told on several occasions during trial that American Eagle had the burden of proof and was never told anything to the contrary. Therefore, we assume that the jury placed the burden of proof on American Eagle.

-5-

The burden of proof in a diversity action is typically a matter of state law.  See Palmer v. Hoffman, 318 U.S. 109, 117 (1943); Sprynczynatyk v. General Motors Corp., 771 F.2d 1112, 1122 (8th Cir. 1985), cert. denied, 475 U.S. 1046 (1986); Lynch v. Travelers Indemnity Co., 452 F.2d 1065, 1068 n.2 (8th Cir. 1972).  Under Arkansas law, a party who files suit seeking to benefit from insurance coverage generally bears the burden of proving coverage.  See Peoples Protective Life Ins. Co. v. Smith, 257 Ark. 76, 82, 514 S.W.2d 400, 404 (1974); Hunt v. Pyramid Life Ins. Co., 21 Ark.App. 261, 266, 732 S.W.2d 167, 169 (1987) (en banc); Snow v. Travelers Ins. Co., 12 Ark.App. 240, 241-42 674 S.W.2d 943, 944 (1984).  Once the person seeking insurance coverage has met his burden, the burden shifts to the defendant insurance company to prove any applicable exclusion to coverage.  See National Investors Life and Cas. Ins. Co. v. Arrowood, 270 Ark. 617, 621, 606 S.W.2d 97, 100 (Ark. Ct. App. 1980).

In this action brought under the federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., the assignment of the burden of proof is complicated by the fact that the usual plaintiff and defendant are reversed.  Unlike the typical insurance coverage case where the person seeking indemnification sues the insurance company, the insurance company brought this action as plaintiff.  American Eagle argues that the burden placed traditionally on the party seeking coverage should not be shifted to the insurer merely because the insurer is the nominal plaintiff.  See Preferred Acc. Ins. Co. v. Grasso, 186 F.2d 987, 991 (2nd Cir. 1951); Reliance Life Ins. Co. v. Burgess, 112 F.2d 234, 237-38 (8th Cir.), cert. denied, 311 U.S. 699 (1940).  Supporting the contrary view is the argument that the burden of proof should not be placed on an unsuspecting defendant who has been hailed into court.

In deciding who bears the burden of proof in this case, we are

guided by our earlier decision in <u>Reliance</u>, 112 F.2d at 237-38.[3]  There, an insurance company brought suit seeking a declaration of noncoverage under Missouri law.  In assigning the burden of proof to the insurance company, this court reasoned:

> The question as to whether the burden of proof in its primary sense rests upon the plaintiff or defendant is ordinarily to be determined by ascertaining from the pleadings which of the parties without evidence would be compelled to submit to an adverse judgment before the introduction of any evidence.  It is a fundamental rule that the burden of proof in its primary sense rests upon the party who, as determined by the pleadings, asserts the affirmative of an issue and it remains there until the termination of the action.  It is generally upon the party who will be defeated if no evidence relating to the issue is given on either side.

<u>Id.</u>  In <u>Reliance</u>, we held that the burden rested with the insurance company, as it was the insurance company that had disputed coverage by asserting an affirmative defense of exclusion, and the insured did not assert any cause of action nor seek any affirmative relief. <u>Id.</u> at 238; <u>see also</u> <u>State Farm Mutual Auto. Ins. Co.</u> v. <u>Pennington</u>, 215 F. Supp. 784, 790 (E.D. Ark.) (placing the burden of proof on an insurance company trying to establish the applicability of a policy exclusion through a declaratory judgment action), <u>aff'd</u>, 324 F.2d 340 (8th Cir. 1963).

In applying the factors described in <u>Reliance</u>, we find that

---

[3]The Third Circuit has held that in a federal declaratory judgment action, the burden of proof as to a non-federal matter is determined by the rule of the forum state in similar declaratory actions.  <u>See</u> <u>Fireman's Fund Ins. Co.</u> v. <u>Videfreeze Corp.</u>, 540 F.2d 1171, 1174-75 (3rd Cir. 1976), <u>cert. denied</u>, 429 U.S. 1053 (1977); <u>see also</u> 6A James W. Moore, Moore's Federal Practice §57.31[3] at 57-265 (1995).  In the <u>Videfreeze</u> case, as is also true here, the federal court was unable to find any analogous cases brought under the state declaratory judgment act in which the burden of proof was discussed.  Therefore, we look to our own <u>Reliance</u> opinion for guidance.

Thompson asserted the affirmative of the question asked of the jury and that Thompson would lose in the absence of any evidence on the issue. American Eagle seeks only a declaration of non-liability; unlike the insurance company in Reliance, it does not seek to apply a policy exclusion. In addition, American Eagle timely and repeatedly objected to the district court's imposition of the burden of proof. Cf. Liberty Mutual Ins. Co. v. Sweeney, 216 F.2d 209, 211 (3rd Cir. 1954) (upholding the assignment of the burden of proof to the insurance company when insurance company brought the action and voluntarily went forward and attempted to prove case); Pacific Portland Cement Co. v. Food Machinery & Chemical Corp., 178 F.2d 541, 547 (9th Cir. 1949). Stripped of its procedural posture, this action is, at base, a claim by Thompson that he is covered under an insurance policy and a denial by the insurer that coverage properly exists. Under Arkansas law, the burden in such cases falls on the person seeking insurance coverage. See Smith, 514 S.W.2d at 404.[4] We see

_____

[4]Professor Moore has been cited for the proposition that the burden of proof should be on the plaintiff insurance company in a declaratory judgment action. 6A James W. Moore, Moore's Federal Practice § 57.31[2] at 57-263 (1995). The relevant section of his treatise provides:

> Generally, it is reasonable and fair that one who brings another into court should have the burden of [proof] . . . . Where the insurer seeks a declaration of noncoverage as to a particular accident, the insurance company should likewise experience no technical difficulty in producing proof of the facts it asserts. The insurer here seeks an advanced determination of its liabilities, and the injured third party is forced to litigate the coverage issue before it has established its claim against the insured. In these cases, since no policy or technical consideration dictates a change in the general rule, the plaintiff should bear the usual burden of proving his prima facie case.

However, the situation described by Professor Moore is distinguishable from the case at hand, because here the injured party (the estate of the deceased student pilot) is not being forced to litigate against American Eagle before liability has been

no reason to deviate from Arkansas burden

---

determined.  This  dispute  concerns  only  American  Eagle  and
Thompson, the party seeking coverage.

of proof principles simply because this action was brought by the insurer under the federal Declaratory Judgment Act.

We hold that the district court erred in assigning the burden of proof to American Eagle.  Since this error cannot be said to be harmless, we vacate the district court's judgment and remand for a new trial.  In so doing, however, we address several other issues raised by appellant as these seem likely to arise again in the course of trial and the court and parties may be aided by our determination now.

## C.    Evidentiary Rulings

American Eagle argues that the district judge erred in admitting highly prejudicial hearsay evidence on an issue not before the jury.  The testimony in question is that of John Thompson's wife, Sonja Thompson, who told the jury of statements made to her by Mike Medlock, an insurance agent, and Mark Haggenmacher, one of the owners of Arkansas Air.  Mrs. Thompson testified as follows on direct examination, after the court overruled American Eagle's objections:

> A.    Well, that morning at the airport, when we got to -- when I got to the airport, the insurance agent was there and he had the files, the --- the papers with him, you know, insurance or whatever.
>
> Q.    That -- you're talking -- when you say "the insurance agent," Mike Medlock?
>
> A.    Mike Medlock, yes.
>
> Q.    Okay.

A.   He had that with him in the manila file and all the papers and everything, and I was sitting there, you know, waiting, early.  And he -- and he talked with Mark, and then he came over and they -- he sit [sic] down beside me, and Mark stood there, and he told me not to worry about --

Q.   Now, who -- who told -- who told --

A.   Mike Medlock.

      . . .

A.   Now, Mike Medlock did most of the talking at this point.  And he -- he slapped the insurance papers and all that and he said, "Don't worry about anything," he said, "Tommy is covered.  We've got it handled.  Just don't worry about anything."  And -- and I said, "Well, well, good," you know.

Q.   Okay.  And what did Mark Haggenmacher say?

A.   He said, "Do you understand that?" And I said "Yes."  And that's about all Mark said at the time.

At trial, American Eagle argued that the above testimony was inadmissible hearsay, unduly prejudicial, and irrelevant to the issue before the jury -- whether Thompson was an employee of Arkansas Air.  The trial court allowed Medlock's statements finding that they were relevant to the issue of employment and they fell within an exception to the hearsay rule for admissions of a party-opponent.  See Fed. R. Evid. 801(d)(2)(D).  Haggenmacher's statement was admitted, not as proof of the truth of the matter asserted, but as evidence of Haggenmacher's understanding of the employment relationship between Thompson and Arkansas Air.  Admitted for such purpose, Haggenmacher's statement was not hearsay.[5]  Federal law

---

[5]Hearsay, as defined in Fed. R. Evid. 801(c), is any out-of-court assertion offered to prove the truth of the matter asserted.  Statements, made out-of-court, not offered to prove the truth of the matter asserted are not hearsay because reliability is not at issue.  See United States v. Amahia, 825 F.2d 177, 181 (8th Cir. 1987).  By instructing the jury that Haggenmacher's statements could only be considered for the limited purpose of showing his state of mind, the court averted a hearsay problem.

In its Memorandum and Order discussing American Eagle's motion for judgment as a matter of law, the court changed its rationale

-11-

governs the determination of whether

for allowing Medlock's statements into evidence, stating the statements were admissible to show the state of mind of Medlock and Haggenmacher, and as such, were not hearsay. The problem with this theory is that the jury was not given an appropriate limiting instruction with respect to Medlock's statements. Instead, the jury was told that it could consider Medlock's statements for the truth of the matter asserted. The court's failure to give a limiting instruction leads us to conclude that the jury, in all probability, considered the evidence as proof of the matter asserted. Thus, Medlock's statements fall within the definition of hearsay.

evidence is admissible.  <u>Miller</u> v. <u>Yazoo Mfg. Co.</u>, 26 F.3d 81, 82 (8th Cir. 1994).  Evidentiary rulings are within the discretion of the trial judge, and are reviewed for an abuse of discretion.  <u>See</u> <u>Firemen's Fund Ins. Co. v. Thien</u>, 63 F.3d 754, 757 (8th Cir. 1995) ("We review the district court's rulings admitting or excluding evidence for abuse of discretion."); <u>Banghart</u> v. <u>Origoverken, A.B.</u>, 49 F.3d 1302, 1304 (8th Cir. 1995).

In deciding whether the district court abused its discretion in admitting Medlock's statements, we must decide whether the statements fall within the hearsay exception for admissions of a party-opponent.  <u>See</u> Fed. R. Evid. 801(d)(2).  The Rule states:

> A statement is not hearsay if --
>
> (2) *Admission by party-opponent.*  The statement is offered against a party and is . . . (D) a statement by the party's agent or servant concerning a matter within the scope of the agency relationship . . . .

Fed. R. Evid. 801(d).  To fit within this exception to the hearsay doctrine, Thompson, the party offering the testimony, was required

to establish a foundation demonstrating that Medlock was an agent of American Eagle at the time the statements were made.  See Gulbranson v. Duluth, Missabe & Iron Range Ry., 921 F.2d 139, 142 (8th Cir. 1990); see also Glen Weissenberger, Federal Evidence § 810.20 at 418-19 (1995) ("The proponent of the vicarious admission must establish a foundation which demonstrates that the declarant at the time of the making of the statement was an employee or an agent of the party against whom the statement is offered.").  Although the federal rules of evidence do not define the term agent, courts have held that "Congress intended Rule 801(d)(2)(D) 'to describe the traditional master-servant relationship as understood by common law agency doctrine.'"  Lippay v. Christos, 996 F.2d 1490, 1497 (3rd Cir. 1993) (quoting Boren v. Sable, 887 F.2d 1032, 1038 (10th Cir. 1989)); see also United States v. Saks, 964 F.2d 1514, 1523-24 (5th Cir. 1992). The common law of agency is set forth in the Restatement (Second) of Agency.  See Boren, 887 F.2d at 1038.  The Restatement explains the nature of agency as follows:

> (1) Agency is the fiduciary relation which results from the manifestation of consent by one person to another that the other shall act on his behalf and subject to his control, and consent by the other so to act.

Restatement (Second) of Agency § 1 (1958).


The record before us does not demonstrate that Medlock was American Eagle's agent at the time he made the relevant statements to Mrs. Thompson. In fact, the evidence shed no light at all on any relationship between Medlock and American Eagle.  The evidence showed that Medlock was Arkansas Air's insurance agent, and that he had been so for eight or nine years. Haggenmacher testified that Medlock had negotiated Arkansas Air's insurance policies with "several insurance companies."  No evidence indicated that American Eagle authorized Medlock to act on its behalf.  We are constrained to conclude that Mrs. Thompson failed to meet her burden of

-14-

establishing the necessary agency relationship, see Gulbranson, 921 F.2d at 142; Lippay, 996 F.2d at 1497, and that the district court erred in admitting Medlock's statements pursuant to Rule 801(d)(2)(D).

American Eagle also challenges the admission of Haggenmacher's related statement ("Do you understand that?") in response to Medlock's assurance of coverage. The district court held that this statement was admissible not to show the truth of the matter asserted, but to show the state of mind of the speaker who was one of the owners of Arkansas Air.[6] See 4 Jack B. Weinstein et al., Weinstein's Evidence § 801(c)[01] at 801-103 (1996) (A statement offered to show the state of mind of the declarant is analytically not hearsay . . . ."). The district court reasoned that the statement was not hearsay to the extent that it revealed the state of mind and belief of a co-owner of Arkansas Air that Thompson was covered by its insurance policy. According to the district court, this state of mind was relevant to the question before the jury of whether Thompson was an employee of Arkansas Air. Various aspects of this ruling are close, as is the further question of Rule 403 admissibility.[7] In view of the fact that Haggenmacher's statement is dependent for its context on Medlock's statements, we hesitate to review the court's ruling at this juncture. It seems almost

---

[6]The district court gave the jurors an appropriate limiting instruction, stating that they could not consider the truth of the matter asserted, i.e., whether there is coverage, but could only consider the testimony as it bore on the existence of an employment relationship.

[7]American Eagle argues that the statements of both Haggenmacher and Medlock should have been excluded because they were unduly prejudicial. Fed. R. Evid. 403 provides that "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." Given our ruling that it was error to admit Medlock's statements, we decline to address the Rule 403 admissibility of either Medlock's or Haggenmacher's statements, leaving that or any related question for determination by the court at retrial.

certain that, at a new trial, the basis for admission of both statements will be reexamined by counsel and new arguments may be presented then.  It would not seem helpful to attempt to anticipate and dispose of these arguments at this point in time.

**D.    Attorney's Fees under Section 23-79-209**

Section 23-79-209 of the Arkansas Code provides that an insurance company that loses an action to declare rights under a policy "shall also be liable to pay the <u>holder of the policy</u> all reasonable attorneys' fees for the defense or prosecution of the suit" (emphasis supplied).[8]  The district court granted Thompson attorney's fees under this statute, finding that although he was not the "holder of the policy", he was a beneficiary of the policy and that was a sufficiently close relationship with the holder of the policy to entitle him to attorney's fees.  American Eagle asserts that the district court's ruling is contrary to the clear wording of the statute which speaks only of the "holder of the policy."  We do not decide this issue of state statutory interpretation at this time, given that it may never arise on retrial.

---

[8]Section 23-79-209 provides in relevant part:

> In all suits in which the judgment or decree of a court is against a life, fire, health, accident, or liability insurance company, either in a suit by it to cancel or lapse a policy or to change or alter the terms or conditions thereof in any way that may have the effect of depriving the holder of the policy of any of his rights thereunder, or in a suit for a declaratory judgment under the policy, or in a suit by the holder of the policy to require the company to reinstate the policy, the company shall also be liable to pay the holder of the policy all reasonable attorneys' fees for the defense or prosecution of the suit, as the case may be.

Ark. Code Ann. § 23-79-209 (Michie 1992).

**The judgment of the district court is reversed and remanded for a new trial consistent with this opinion.**

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.