The Honorable Mary Anne Salmon State Senator #29 Heritage Park Circle North Little Rock, AR 72116
Dear Senator Salmon:
I am writing in response to your request for my opinion regarding the constitutionality of proposed Senate Bill 869,[1] which would amend A.C.A. § 14-20-113 relating to the collection of delinquent taxes and fines. Specifically, you have posed the following questions:
 1. Is it constitutionally permissible for a county to contract with an independent contractor to collect delinquent personal and real property taxes?
 2. Assuming enabling legislation was adopted, is it constitutionally permissible for the independent contractor, who is not an officer or employee of the county, to collect the above-referenced delinquent taxes on a contingency-fee basis in light of Opinion No. 97-141:
 (a) If the fee is a portion of the delinquent tax collected and the cost is assessed on a prorated basis to the taxing authorities; or
 (b) If the fee, up to 30%, is charged back to the taxpayer as a penalty after notice and an opportunity to make payment without penalty?
 3. Is the county collector precluded, by the Arkansas Constitution, from contracting with an independent contractor for the collection of delinquent taxes in light of the proposed legislation?
 4. Is it constitutionally permissible for the quorum court to select the independent contractor?
 5. Is it constitutionally permissible for the quorum court to require the county collector to reasonably assist the independent contractor in providing updated records and information to the independent contractor?
 6. Is a county collector precluded from accepting a partial payment of delinquent taxes? (It is understood that there would be no release of lien until full payment was made; i.e., a taxpayer owes $500 in personal property tax due in October and in November the taxpayer tenders $250 towards the payment.)
 7. What is the statute of limitation for collection of delinquent taxes?
The pertinent portions of Senate Bill 869, as amended, propose to amend A.C.A. § 14-20-113. Subsection (a) of the proposed revised statute, which tracks verbatim the entire current statute, provides:
 The quorum court in each county shall provide for the collection of delinquent taxes within the county and shall, by ordinance, place the responsibility therefor in the office of the county collector or the combined office of sheriff and collector, or may provide for the collection of delinquent taxes by a person designated by a board composed of the county judge, an appropriate representative of the public schools in the county, and the mayor of the county seat or of each county seat in the case of those counties having two (2) county seats.
Subsection (b)(1) of the proposed statute authorizes the collector or other individual designated pursuant to subsection (a) to "select an independent contractor, who is not an officer or employee of the county, to collect delinquent personal property taxes [and] delinquent real property taxes. . . ." Subsection (b)(2) further provides that the "independent contractor" may be paid up to 30% of amounts collected as consideration for his services. Subsection (b)(3) provides that the private party selected to collect delinquencies "shall act as an independent contractor subject to the oversight of the county collector or other official designated under this section." Subsection (b)(5) provides that "[u]nder an approved contract, the independent contractor shall have all power and authority of the county collector or other official designated under this section with respect to accounts to be collected. . . ." Subsection (c)(1) designates the county court as the authority charged with approving the contract. Subsection (c)(2) designates the county judge and the mayor(s) of the county seat(s) as the appropriate signatories to any such contract. Subsection (d) imposes a $50,000 bond requirement on the "independent contractor" and disqualifies convicted felons from serving in that capacity. Subsection (e) requires 30-days notice to the delinquent taxpayer before collection efforts begin, including notice of the fact that "[a]n amount up to thirty percent (30%) of the delinquent taxes may be added to the tax as a cost of collection."
RESPONSE
In my opinion, the answer to your first question is "yes." See A.C.A. §14-20-113. With respect to your second question, I believe the legislature could authorize an independent contractor to be paid on a contingency-fee basis for the collection of delinquent taxes. With respect to your third question, the proposed legislation anticipates that the collector might select the independent contractor, not that the collector will actually execute the contract. No constitutional provision would preclude the legislature from approving such a selection process. With respect to your fourth question, under current law, the quorum court is precluded from selecting an independent contractor to collect delinquent taxes. A.C.A. § 14-20-113. Accordingly, pursuant to Amendment 55, the quorum court lacks the "local legislative authority" to make any such selection. With respect to your fifth question, I believe the quorum court is authorized to require the custodians of records bearing on tax collection to make those records available to an independent contractor retained to collect delinquent taxes. With respect to your sixth question, I do not believe the collector is authorized to accept partial payment of delinquent taxes. With respect to your final question, no statute of limitations applies to the collection of delinquent personal or real property taxes.
Question 1: Is it constitutionally permissible for a county to contractwith an independent contractor to collect delinquent personal and realproperty taxes?
In my opinion, the answer to your question is "yes," so long as the quorum court observes the procedural requirements set forth at A.C.A. §14-20-113 (Repl. 1998). I believe the county judge is in all likelihood the appropriate official to execute such a contract on behalf of the county.
Amendment 55 to the Arkansas Constitution provides in pertinent part:
§ 1. Power of quorum court.
 (a) A county acting through its Quorum Court may exercise local legislative authority not denied by the Constitution or the law.
* * *
§ 3. Power of county judge.
 The County Judge, in addition to other powers and duties provided for by the Constitution and by law, shall . . . authorize and approve disbursement of appropriated county funds; . . . administer ordinances enacted by the Quorum Court; . . . hire county employees, except those persons employed by other elected officials of the county.
With respect to the powers of the quorum court, A.C.A. § 14-14-801
(Repl. 1998) further provides in pertinent part:
 (a) As provided by Arkansas Constitution, Amendment 55, Section 1, Part (a), a county government, acting through its county quorum court, may exercise local legislative authority not expressly prohibited by the Arkansas Constitution or by law for the affairs of the county.
(b) These powers include, but are not limited to, the power to:
* * *
 (10) Provide for any service or performance of any function relating to county affairs;
* * *
 (13) Exercise other powers, not inconsistent with law, necessary for effective administration of authorized services and functions.
Section 14-14-802 further provides in pertinent part:
 (a) A county government, acting through the county quorum court, shall provide, through ordinance, for the following necessary services for its citizens:
* * *
 (3) Real and personal property tax administration, including assessments, collection, and custody of tax proceeds;
* * *
 (5) All other services prescribed by state law for performance by each of the elected county officers or departments of county government.
With respect to the powers of the county judge, A.C.A. § 14-14-1102
(Repl. 1998) provides in pertinent part:
 (a) PERFORMANCE. The General Assembly determines that the executive powers of the county judge as enumerated in Arkansas Constitution Amendment 55, § 3, are to be performed by him in an executive capacity and not by order of the county court.
* * *
 (b)(2)(C)(ii) The county judge shall have the authority to enter into necessary contracts or other agreements to obligate county funds and to approve expenditure of county funds appropriated therefore in the manner provided for by law.
With respect to retaining an individual or entity to recover delinquent taxes, A.C.A. § 14-20-113 provides:
 The quorum court in each county shall provide for the collection of delinquent taxes within the county and shall, by ordinance, place the responsibility therefor in the office of the county collector or the combined office of sheriff and collector, or may provide for the collection of delinquent taxes by a person designated by a board composed of the county judge, an appropriate representative of the public schools in the county, and the mayor of the county seat or of each county seat in the case of those counties having two (2) county seats.
In my opinion, read together, these statutes and constitutional provisions clearly authorize a county to contract for the collection of delinquent taxes. Section 14-20-113 of the Code expressly provides for the quorum court by ordinance to authorize such a contract. Subsections14-14-801(a)(10) and 14-14-802(a)(3) further provide that the quorum court may enact any ordinance not otherwise prohibited providing for a service relating to county affairs, including the collection of real and personal property taxes. In my opinion, the county judge would in all likelihood be the appropriate official to execute any such contract pursuant to A.C.A. § 14-14-1102(b)(2)(C)(ii).
As acknowledged in section 3 of Amendment 55, elected county officials also have the constitutional power to hire their own employees. The collector would consequently be empowered to retain a delinquent-tax collector, although he could do so only if the individual performed as an employee, not an independent contractor.[2]
Having offered these opinions, I should note that determining whether the contracting party is indeed an independent contractor, as opposed to a county employee, will entail undertaking a factual inquiry of the sort I am neither authorized nor equipped to conduct. As the court noted inMadden v. Aldrich, 346 Ark. 405, 419, 58 S.W.3d 342 (2001):
 In Blankenship v. Overholt, 301 Ark. 476, 786 S.W.2d 814 (1990), this court set out ten factors to be considered in determining whether one is an employee or an independent contractor. The principal and most significant factor is the extent of control which the master may exercise over the details of the work. Arkansas Transit Homes, Inc. v. Aetna Life Cas., 341 Ark. 317, 16 S.W.3d 545 (2000). It is the right to control, not the actual control, that is determinative. Id. Other factors include whether the one employed is engaged in a distinct occupation or business; whether the employer furnishes the tools and workplace for the job; the length of time the person is employed; and whether the work is part of the regular business of the employer. Id.
Generally, the question of employment status is a question of fact for the jury to resolve. See National Bank of Commerce v. HCA Health Servs. of Midwest, Inc., 304 Ark. 55, 800 S.W.2d 694 (1990); Johnson Timber Corp. v. Sturdivant, 295 Ark. 622, 752 S.W.2d 241 (1988).
As the court further noted in Howard v. The Dallas Morning News, Inc.,324 Ark. 91, 100, 918 S.W.2d 178 (1996): "The intent of the parties is not included among these factors. See also Dickens v. Farm Bureau Mut.Ins. Co., 315 Ark. 514, 868 S.W.2d 476 (1994)." Accordingly, a reviewing court would look to the realities of the relationship, not its denomination in any quorum court ordinance or contract, to determine the nature of the relationship. As discussed in my response to your next question, deciding the delinquent-tax collector's true status would be significant primarily as a basis for determining whether he might be compensated on a contingency fee basis.
Question 2: Assuming enabling legislation was adopted, is itconstitutionally permissible for the independent contractor, who is notan officer or employee of the county, to collect the above-referenceddelinquent taxes on a contingency-fee basis in light of Opinion No.97-141:
 (a) If the fee is a portion of the delinquent tax collected and the cost is assessed on a prorated basis to the taxing authorities; or
 (b) If the fee, up to 30%, is charged back to the taxpayer as a penalty after notice and an opportunity to make payment without penalty?
Your question assumes the delinquent-tax collector is indeed an independent contractor. As noted above, only a finder of fact could determine this to be the case. However, for purposes of this response, I will take your assumption to be correct.
Section 5 of Amendment 55 provides in pertinent part: "Fees of the office shall not be the basis of compensation for officers or employees of county offices." In Bahil v. Scribner, 265 Ark. 834, 837-38,581 S.W.2d 334 (1979), the court held that this constitutional provision precluded delinquent-tax collectors appointed pursuant to the since repealedAct 342 of 1941 from being compensated on a contingency fee basis. On various occasions, this office has interpreted Bahil to mean that Amendment 55 invariably prohibits compensating a collector on a contingency fee basis. See, e.g., Ark. Ops. Att'y Gen. Nos. 94-276, 91-308, 89-094, 88-384. However, I do not believe such a categorical conclusion is necessarily warranted. The court in Bahil concluded no more than that delinquent-tax collectors appointed pursuant to particular, sincerepealed legislation qualified as county officers or employees and, as such were precluded pursuant to Amendment 55 and its enabling legislation from being paid a fee. 265 Ark. at 839. In the course of reaching this conclusion, the court carefully reviewed and approved the trial court's factual findings relating to those features of the delinquent-tax collectors' duties that might qualify them as "officers" and/or "employees." Id. at 838. Implicit in this analysis is a recognition that a delinquent-tax collector might in theory be charged with duties that render him neither an "officer" nor an "employee" of the county, thus locating him beyond the proscription against payment of fees set forth in Amendment 55.
Specifically with respect to the provisions of S.B. 869, I am struck by the fact that the proposed delinquent-tax collectors would not appear to qualify as county "officers." As I recently noted in Ark. Op. Att'y Gen. No. 2003-056:
 There is a good deal of Arkansas law describing the characteristics of an "office." For example, in Maddox v. State, 220 Ark. 762, [763-64], 249 S.W.2d 972 (1952), it was stated as follows:
 A public officer ordinarily exercises some part of the State's sovereign power. His tenure of office, his compensation, and his duties are usually fixed by law. The taking of an oath of office, the receipt of a formal commission, and the giving of a bond all indicate that a public office is involved, although no single factor is ever conclusive.
As the court further noted in Maddox: "On the other hand, mere public employment differs from a public office in that some or all of these characteristics are lacking." 220 Ark. at 764. Of these hallmarks of "office," only the bond requirement would attach to delinquent-tax collectors if the proposed legislation were enacted.
Moreover, in Ark. Op. Att'y Gen. No. 97-141, which you reference in your question, one of my predecessors directly acknowledged that a collector might be an independent contractor, and as such avoid might avoid being classified as an "employee" prohibited by Amendment 55 from receiving contingency-fee compensation. Specifically, my predecessor offered the following analysis, with which I fully concur:
 [T]he proscription mentioned in Op. Att'y Gen. 94-276 against" fee based compensation" in Amendment 55 applies only against county officers or employees. See, e.g., Bahil v. Scribner, 265 Ark. 834, 581 S.W.2d 334 (1979). A private contractor, if in fact an independent contractor and not a county officer or employee, would thus not be subject to this proscription. I have found no other statutory proscription applicable to private contractors which would prohibit such a contingency arrangement. It appears the funds arising from such fines become general county funds and are not earmarked by law for any specific purpose from which they could not be diverted. I have previously concluded, under similar facts, that there is no statutory or constitutional proscription against this arrangement with regard to the collection of fines arising in municipal court. See Op. Att'y Gen. 91-282. To the extent Opinion 94-276 indicates a constitutional prohibition against this conclusion as to fines collected in circuit or chancery court, it is hereby superseded.
(Footnote omitted.)
I believe my predecessor was correct in acknowledging the possibility that a collector might be retained subject to terms that qualify him as an independent contractor, in which case nothing would preclude the county from paying him a contingency fee.[3] With respect to the two alternative arrangements you mention in your request — namely, either taking the fee out of the fine or imposing the fee as a penalty against the delinquent taxpayer — I know of nothing that would preclude the legislature from adopting either formula. In offering this opinion, I am not ignoring the fact that one of my predecessors opined that the expenses of collection could not be added to a delinquent tax collected by an outside agency. Ark. Op. Att'y Gen. No. 91-308. However, my predecessor based this conclusion on the fact that imposing such an increase would exceed the county's statutory authority as set forth in A.C.A. §§ 14-14-806 and 26-73-103. Your proposed legislation would broaden that authority, thus legitimizing the contingency-fee arrangement.
Question 3: Is the county collector precluded, by the ArkansasConstitution, from contracting with an independent contractor for thecollection of delinquent taxes in light of the proposed legislation?
I find this question confusing in that you appear to be asking whether the constitution would bar the collector from undertaking an action that legislation expressly precludes him from undertaking. Under the circumstances, I can do no more than review the proposed statutory provisions and applicable constitutional assignments of responsibility.
In my opinion, nothing in the constitution would prohibit the legislature from enacting S.B. 869. However, notwithstanding your suggestion to the contrary, I should note that, as drafted, H.B. 869 does not authorize the collector to contract with an independent contractor. Under the proposed legislation, A.C.A. §§ 14-20-113(c)(1) and (2) would require the county court to approve the contract and the county judge to execute it.[4]
The collector would only have the authority to select the independent contractor.
With respect to the role of the county court, Ark. Const. art. 7, § 28 provides in pertinent part:
 The county courts shall have exclusive original jurisdiction in all matters relating to county taxes . . ., the disbursement of money for county purposes, and in every other case that may be necessary to the internal improvement and local concerns of the respective counties. The county court shall be held by one judge, except as otherwise herein provided.
Section 14-14-1105 of the Code (Repl. 1998) provides in pertinent part:
 (a) The General Assembly determines that all powers not vested in the county judge under the provisions of Arkansas Constitution, Amendment 55, to be exercised by the county judge as the chief executive officer of the county, shall continue to be exercised and administered by the county court, over which the judge shall preside.
 (b) The county court of each county shall have exclusive original jurisdiction in all matters relating to:
 (1) COUNTY TAXES. Jurisdiction shall include all real and personal ad valorem taxes collected by a county government, including all related administrative processes, assessment of property, equalization of assessments on appeal, tax levies, tax collection, and distribution of tax proceeds.
As previously noted, section 3 of Amendment 55 invests the county judge with exclusive power to "authorize and approve disbursement of appropriated county funds." Although I question whether the county court's approval of a contract under S.B. 869 would be constitutionally required given this provision of Amendment 55, I do not believe the constitution would prohibit the legislature from requiring such approval.
With respect to the requirement that the county judge actually execute the contracts at issue, I believe this provision of S.B. 869 is fully consistent with the expansive executive powers Amendment 55 accorded the county judge. See A.C.A. § 14-14-1102(b)(2)(C)(ii) (acknowledging the county judge's authority to contract on behalf of the county).
Question 4: Is it constitutionally permissible for the quorum court toselect the independent contractor?
In my opinion, probably not.
As noted above, section 1 of Amendment 55 invests the quorum court with all "local legislative authority not denied by the Constitution or the law." Accord A.C.A. § 14-14-801(a). Section 14-14-802(a)(3) gives the quorum court authority to provide for "[r]eal and personal property tax administration, including assessments, collection, and custody of tax proceeds." However, A.C.A. § 14-20-113 restricts the quorum court's authority by providing that the quorum court will designate either the collector, the sheriff acting as collector or the appointee of the described board as the collector of delinquent taxes. This statute is flatly inconsistent with the proposition that the quorum court itself can designate an independent contractor to perform this function. Stated in terms of Amendment 55, A.C.A. § 14-20-113 denies by law what might otherwise have been the quorum court's "local legislative authority" to make such an appointment.
Question 5: Is it constitutionally permissible for the quorum court torequire the county collector to reasonably assist the independentcontractor in providing updated records and information to theindependent contractor?
In my opinion, the answer to this question is "yes."
As noted in my response to your previous question A.C.A. §14-14-802(a)(3) authorizes the quorum court to provide for "[r]eal and personal property tax administration, including assessments, collection, and custody of tax proceeds." In my opinion, this affirmative grant of administrative oversight would authorize the quorum court to require the custodians of records bearing on delinquent-tax collection to make such records available. In terms of Amendment 55, not only is this legislative authority "not denied by the Constitution or the law," it is expressly granted by statute. Moreover, so long as the quorum court does not encroach on the collector's autonomy in determining what records the collector's office will maintain, I do not believe requiring such "reasonable assistance" would implicate the constitutional separation of powers between the legislative and executive branches.
Question 6: Is a county tax collector precluded from accepting apartial payment of delinquent taxes? (It is understood that therewould be no release of lien until full payment was made; i.e., ataxpayer owes $500 in personal property tax due in October and inNovember the taxpayer tenders $250 towards the payment.)
In my opinion, the answer to this question is "yes."
In Ark. Ops. Att'y Gen. Nos. 90-040, 90-040A, 94-143 and 96-006, various of my predecessors opined that the collector could not accept partial payment of delinquent taxes. Although A.C.A. § 26-35-501, as amended byAct 295 of 2003, authorizes the initial payment of taxes in installments, the Code contains no parallel provision for the partial payment of delinquent taxes. In my opinion, then, the collector is not authorized to accept any such partial payment, regardless of whether the lien would continue to attach.
Question 7: What is the statute of limitation for collection ofdelinquent taxes?
Given the focus of your previous questions, I assume you are referring to property taxes.
Section 26-36-209 of the Code (Supp. 2001) provides that the collector may collect delinquent personal property tax "at any time." Accordingly, I do not believe there is a statute of limitations on the collection of delinquent personal property taxes.
I likewise do not believe there is a statute of limitations on the collection of delinquent real property taxes. As my predecessor noted in Ark. Op. Att'y Gen. No. 2001-097:
 The law regarding forfeiture of property for failure to pay property taxes is set forth in chapter 37 of title 26 of the Arkansas Code. Section 26-37-101 of the Code, captioned "Transfer of tax-delinquent lands," provides:
 (a)(1) All lands upon which the taxes have not been paid for one (1) year following the date the taxes were due, October 10, shall be forfeited to the State of Arkansas and transmitted by certification to the Commissioner of State Lands for collection or sale.
(2) No tax-delinquent lands shall be sold at the county level.
 (b) The county collector shall hold all tax-delinquent lands in the county for one (1) year after the date of delinquency, and, if the lands are not redeemed by the certification date, which shall be no later than July 1 of the following year, the collector shall transmit it to the state by certification, after notice as provided in this chapter, indicating all taxes, penalties, interest, and costs due and the name and last known address of the owner of record of the tax-delinquent lands.
 (c) Upon receipt of the certification, title to the tax-delinquent lands shall vest in the State of Arkansas in care of the Commissioner of State Lands.
The process of reversion to the state is thus automatic, precluding the application of any statute of limitations.
Assistant Attorney General Jack Druff prepared the foregoing, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:JD/cyh
[1] Senate Bill 869 was introduced and amended in the 2003 regular session of the 84th General Assembly. The most recent action on the bill was a recommendation that it be studied by the Interim Committee on City, County and Local Affairs.
[2] Section 26-35-606 (Repl. 1997) of the Code further invests the collector with the following limited power to contract:
 (a) Any county tax collector may contract with one (1) or more financial institutions to act as his agents to receive real and personal property tax payments on his behalf.
 (b) Tax payments received under a contract as provided for in this section shall be collected at the same time and in the same manner as all other property tax payments, and no payments shall be collected after the last payment day established by law.
 (c) A financial institution receiving tax payments under a contract as provided for in this section, shall, on the first working day of each week, transmit to the county collector all property taxes received during the preceding week.
 (d) As used in this section, "financial institution" means any organization or enterprise which receives deposits and forwards checks, drafts, or orders for collection and which is subject to state or federal regulation.
 (e) Nothing in this section shall permit a tax collector to make any payment to a financial institution for receiving real and personal property taxes as provided in this section.
In my opinion, a "contract" negotiated pursuant to this statute would barely warrant the designation, since, in light of subsection (e), the only consideration flowing to the financial institution would be the "float" value of the collections during whatever portion of the week the financial institution possessed them. In any event, I do not believe this statute does anything more than authorize the collector to designate financial institutions as conduits for the collection of taxes. It does not authorize the collector to designate such institutions as agents for the purpose of collecting delinquent accounts.
[3] Although your proposed legislation would expressly authorize an independent contractor relationship with a delinquent-tax collector, I believe such a relationship might exist even under current law, notwithstanding the fact that the Code is silent on the issue. The legislature has expressly adopted legislation authorizing contingency fee arrangements with independent contractors for the collection of delinquent fines, as opposed to taxes. See A.C.A. § 16-13-709, as amended by Act 1765 of 2003.
[4] With respect to the role of the county court, as one of my predecessors explained in Ark. Op. Att'y Gen. 97-181:
The "county court" strictly speaking, is neither the "county judge" nor the quorum court. It is, however, presided over by one judge, the "county judge," who, when so presiding, acts in a judicial, rather than an executive capacity. See Arkansas Constitution, art. 7, § 28 and A.C.A. §14-14-1105(a). It has been stated that: "[a]lthough the Arkansas Supreme Court has meticulously separated the judicial and executive functions of the county judge on a case-by-case basis, there is still great confusion in Arkansas with respect to what the county court is." Comment, CountyGovernment Reorganization in Arkansas, 28 Ark. L. Rev. 226, 235 (1974). It was stated, prior to the adoption of Amendment 55, that:" In each county there is a court, presided over by a county judge, known as the county court. . . . The county court is the principal instrument of county government and performs a mixture of executive and legislative as well as judicial tasks." Greenebaum, Arkansas' Judiciary: Its History andStructure, 18 Ark. L. Rev. 152 (1964). Since the adoption of Amendment 55, the county court exercises fewer powers (former powers now being exercised either by the quorum court, or by the county judge in an executive capacity), but it clearly still exists, and consists of the county judge, wearing a judicial hat. See again, A.C.A. § 14-14-1105.