SONDRA K. CROUCH v. TWIN CITY TRANSIT, INC. —

5-4752        434 S.W. 2d 816

Opinion Delivered December 9, 1968
[Rehearing denied January 13, 1969.]

*Tom Gentry* for appellant.

*House, Holmes & Jewell* by *Donald T. Jack, Jr.* for appellee.

PAUL WARD, Justice.   This is an appeal from a jury verdict in a damage suit involving a collision between a bus and an automobile.

Sondra K. Crouch (appellant) was severely injured when the car in which she was a passenger collided with a bus owned by Twin City Transit, Inc. (appellee) on West 13th Street in North Little Rock.   The car was owned by Veloria Allison (mother of appellant) and was being driven by Ruby Reeves who was a visitor in the home of appellant and her mother.

On March 11, 1967, appellant filed a Complaint in the Saline County Circuit Court against appellee, alleging that negligence on the part of the driver of the bus was the proximate cause of the collision, and asking for damages (for personal injuries) in the sum of $25,000.   In answer, appellee denied the allegation of negligence, and affirmatively pleaded; that appellant was in possession and control of the car; that she procured the services of Ruby Reeves to drive the car; that Ruby was "at all times the agent and employee of" appellant, and; that any injuries received by appellant were proximately caused by the negligence of herself and/or Ruby Reeves.

Along with other instructions the court gave, over appellant's objection, its own Instruction No. 1 which reads:

> "Ladies and gentlemen, in this case I am going to find as a matter of law that the driver of the vehicle occupied by the plaintiff was an agent of the plaintiff and thereby imputing any negligent act of that driver to this plaintiff."

The jury returned a verdict in favor of appellee, hence

this appeal:

## Point for Reversal

The only ground urged by appellant for a reversal is that the trial court erred in giving the instruction quoted above. For reasons presently explained, we have concluded the court erred in giving the instruction.

The decisive question here presented is: Does the undisputed evidence show that Ruby Reeves was acting (at the time of the collision) as an agent for appellant? Restatement, Agency § 1, reads:

"The relation of agency is created as the result of conduct by two parties manifesting that one of them is willing for the other to act for him subject to his control, and that the other consents to the act. The principal must in some manner indicate that the agent is to act for him, and the agent must act or agree to act on the principal's behalf and subject to his control."

A. M. I. 701, in material parts, reads:

"An agent is a person who by agreement with another called the principal acts for the principal and subject to his control. The agreement may be oral or written or implied from the conduct of the parties and may be with or without compensation.

If one person has the right to control the actions of another at a given time the relationship of principal and agent may exist at that time, even though the right to control may not actually have been exercised."

In our opinion the facts in this case do not justify the conclusion, as a matter of law, that Ruby Reeves was acting as an agent of appellant—as defined above.

There is testimony in the record from which a jury could have found: (a) the car was owned by the mother of appellant; (b) Appellant had never driven a car, and she did not have a driver's license; (c) Ruby Reeves was a friend who had been visiting in the mother's home for several days; (d) Ruby had a driver's license, and was a capable driver, and had been driving the car in question; (e) On the morning of the accident the mother left home to go to her place of employment, leaving the key to her car (and the car) with Ruby; (f) the mother left the car in charge of Ruby; (g) on the day of the collision appellant asked Ruby if she would drive her to a certain place of business in North Little Rock where she hoped to obtain employment.

In view of the above it cannot be said, as a matter of law, that appellant had any control over the car or the driver. On the contrary, there is substantial evidence from which a jury could find the mother had control of the car or, if not, that she had relinquished control to Ruby and not to appellant.

Accordingly, the judgment is reversed and the cause is remanded for further proceedings consistent with this opinion.