Gregory EVANS *v.* Larry WHITE and Debbie ARANT

84-191                                    682 S.W.2d 735

Supreme Court of Arkansas
Opinion delivered January 14, 1985

*Ponder & Jarboe,* by: Dick Jarboe, for appellant.

*Cathey, Goodwin, Hamilton & Moore,* for appellees.

ROBERT H. DUDLEY, Justice. Appellee, Debbie Arant, aged 19, borrowed her grandmother's automobile so that she and her friend, Shelia Stanfill, could drive from Paragould to Current River beach, just north of Pocahontas. Debbie promised her grandmother that she would not let anyone else drive the car. After an uneventful trip to the beach, the two of them drank some wine and met appellee Larry White. They decided to drive Debbie's grandmother's car to Larry's home in Jonesboro. Debbie started driving, but just south of Pocahontas she asked that one of the others drive because of the wine she had drunk and because she was unfamiliar with the road. Both Shelia and Larry offered to drive, and Debbie chose to let Larry drive. Shortly thereafter, Larry ran into the rear of the car owned and driven by appellant, Gregory Evans.

The jury awarded appellant Gregory Evans a verdict of $15,000 against appellee Larry White but found that White was not the agent of appellee Debbie Arant. Appellant Evans contends that, as a matter of law, Larry White was Debbie Arant's agent and that the trial court committed error in allowing the matter to go to the jury. We find no error and affirm. Jurisdiction of tort cases is in this Court. Rule 29(1) (o).

We have adopted the definition of agency contained in the Second Restatement of the Law of Agency, § 1, comment a, which provides that the relation of agency is created as the result of conduct by two parties manifesting that one of them is willing for the other to act for him subject to his control, and that the other consents so to act. The principal must in some manner indicate that the agent is to act for him, and the agent must act or agree to act on the principal's behalf and subject to his control. *Crouch* v. *Twin City Transit,* 245 Ark. 778, 434 S.W.2d 816 (1968). The two essential elements of the definition are authorization and right to control.

Ordinarily, agency is a question of fact to be determined by the trier of fact, but where the facts are undisputed, and only one inference can reasonably be drawn from them, it becomes a question of law. *Campbell* v. *Bastian,* 236 Ark. 205, 365 S.W.2d 249 (1963).

In this case, the facts concerning the first element were undisputed; Larry White was willing to act for Debbie Arant, and she authorized him so to act. However, the facts concerning the second element were in dispute. Debbie Arant, the only witness on the subject of agency, testified on cross-examination that she retained some control but on re-direct examination that she did not have any right to control. Since more than one inference can be drawn from her testimony about the element of control, the trial judge correctly allowed the jury to decide the issue.

Affirmed.