Kathy Wright JUMPER and Bob Jumper v. L & M
TRANSPORTATION, INC.

88-46 756 S.W.2d 901

Supreme Court of Arkansas
Opinion delivered September 19, 1988

*Dave Wisdom Harrod*, for appellant.

*Wright, Lindsey & Jennings*, for appellee.

TOM GLAZE, Justice. This case involves a question in the law of torts. One issue is presented: whether the trial court erred in granting appellee's motion for directed verdict by finding there was no substantial evidence that the driver, who was allegedly an employee and agent of appellee, was acting within the scope of his employment when he was involved in an accident while driving a tractor-trailer rig. Because the evidence reflects the driver was neither an agent nor an employee of the appellee, we uphold the trial court's ruling on appeal and therefore affirm.

Appellants originally filed suit against the appellee and the

owner of the tractor-trailer rig, Jimmy Sellers. The undisputed facts underlying the appellants' action reflect that the rig was driven by Charles Jumper, a brother-in-law to one of the appellants. On his return trip to Blytheville, Arkansas, from having carried or picked up loads in Texas and Louisiana, Jumper met the appellants outside North Little Rock and followed them in their vehicle, when the rig collided into the rear end of their car. Appellants were apparently leading Jumper to their house where he could shower and clean up before resuming his trip to Blytheville.

Before trial, appellants dismissed Jimmy Sellers from the lawsuit and focused on the appellee as the culpable party, alleging that the driver and rig were under the appellee's authority and control.[1] Specifically, appellants contended at trial, and now on appeal, that Jumper was an agent and employee of the appellee. We cannot agree.

 As stated in *Evans* v. *White*, 284 Ark. 376, 682 S.W.2d 733 (1985), this court has adopted the definition of agency contained in the Second Restatement of Law of Agency, §1 Comment a, which provides that the relation of agency is created as the result of conduct by two parties manifesting that one of them is willing for the other to act for him subject to his control and that the other consents so to act. In other words, the two essential elements of the definition are authorization and right to control. *Id.* We also pointed out in *Evans*, that while agency is ordinarily a question of fact to be determined by the trier of fact, it becomes a question of law when the facts are undisputed, and only one inference can reasonably be drawn from them.

In viewing the evidence in the light most favorable to the

---

[1] Appellants' theory is somewhat confusing in that on appeal they argue that the driver was under the control of the appellee, not Sellers. In fact, appellants argue that the driver had not been dispatched by Sellers and that he was not subject to the trip routes specified by Sellers. In sum, although appellants at one time in their complaint alleged that *Sellers* was an agent of the appellee, they fail to argue the legal relationship between the two and instead argue the driver's servant relationship to the appellee, claiming they established a fact question for the jury on that point. Concerning the relationship issue between Sellers and appellee not argued by the parties, we note that Sellers actually signed the lease agreement (not abstracted on appeal) as an independent contractor.

appellants, *HCA Health Services of Midwest, Inc.* v. *National Bank of Commerce*, 294 Ark. 525, 745 S.W.2d 120 (1988), we must conclude that Charles Jumper, the driver of the rig, was not an employee or agent of the appellee. In fact, the record clearly reflects Jumper was never under appellee's control but was, instead, the employee of Jimmy Sellers, who leased the rig to the appellee. The proof shows the following: (1) Sellers owned the truck and under an equipment lease, leased the truck to the appellee; (2) Sellers employed Jumper, who drove the truck during the period of the lease agreement and when the accident occurred; (3) Sellers was responsible for qualifying Jumper as a driver; (4) appellee had no authority to hire or fire Jumper, but it had the right to terminate the equipment lease agreement with Sellers if an unacceptable driver was not removed; (5) appellee did not pay Jumper's wages or social security; (6) appellee paid worker's compensation coverage for a primary driver but only when the owner-operator was not the primary driver; (7) Sellers dispatched Jumper on the trips involved in this cause; (8) Sellers told Jumper the routes he was to drive and that Jumper, as a driver, had no discretion to deviate from them, as he did in this case by going to North Little Rock instead of traveling directly to West Memphis and then to Blytheville from Florien, Louisiana, and Pine Bluff, Arkansas;[2] (9) under the Sellers/appellee lease agreement, appellee had the exclusive control and use of the equipment and had responsibility for the operation of the equipment.

As can be seen from the above, appellee's involvement in this case emanated from its relationship with Sellers. At trial, appellants neither developed nor argued that relationship, but instead focused on Jumper's respective connections with Sellers and appellee, arguing Jumper was subject to appellee's control. While appellee apparently had control over the leased equipment,

---

[2] In their argument, appellants incorrectly argue inferences by stating the appellee had dispatched Jumper. Their argument also erroneously leaves the impression that the appellee had the responsibility to prescribe routes and had not done so for Jumper. While appellee's owner testified his company did dispatch trucks and under normal circumstances did not specify routes for its drivers, there is no evidence that contradicts Sellers's testimony that, in this case, Sellers was the one who dispatched Jumper and specified his routes.

the proof supports no other inference except that Jumper, himself, was Sellers's employee and subject only to Sellers's control and instructions. Accordingly, we conclude the trial court was correct in directing a verdict for the appellee.