Bill BLANKENSHIP *v.* Theresa OVERHOLT, Debbie Frye and The United States of America

89-206                                          786 S.W.2d 814

Supreme Court of Arkansas
Opinion delivered February 28, 1990

*Laser, Sharp, Mayes, Wilson, Bufford & Watts, P.A.,* by: *Jacob Sharp, Jr.* and *Brian Brown,* for appellant.

*Kitterman Law Firm,* by: *Gregory S. Kitterman,* for appellees.

ROBERT H. DUDLEY, Justice. Appellant Bill Blankenship, the regional manager of a private security firm, owns four (4) rental properties in the Jacksonville area. John Finley applied to Blankenship for work as a security guard. The two had never before met. In his work application Finley wrote that he had

experience laying tile. Blankenship told Finley that he did not have an opening for a security guard, but that he owned a rent house which needed bathroom and kitchen repairs. Finley said he needed work, and Blankenship hired him to repair the bathroom shower for "around six hundred dollars." Finley was going to use regular sheetrock in the wall, but Blankenship specified water-proof sheetrock and the color of the tile. It took Finley "three or four days" to complete the bathroom, and Blankenship went by to check the progress "once or at most twice," or else "occasion-ally." Blankenship specified that Finley should go into the apartment to work only when one of the tenants was there. Blankenship did nothing else. The bathroom job was successfully completed.

Blankenship then hired Finley, by another oral contract, to repair and retile the kitchen "for an agreed amount of money," or on a "materials cost plus labor" basis. Blankenship specified treated wood for the braces in the kitchen. There is no proof that Blankenship ever saw any of the work being done in the kitchen. The contractor was in the process of taking up floor linoleum and used gasoline to remove the glue when an explosion and fire occurred. Injury and damages to the tenants, appellees Overholt and Frye, occurred. The trial court refused to grant a directed verdict for the owner of the property, appellant Blankenship. Appellant Blankenship was held not to be the employer of an independent contractor, but instead the master in a master-servant relationship, and, thus, vicarious liability attached for Finley's negligence. We reverse and dismiss as to appellant Blankenship.

An employer of an independent contractor is not liable for the independent contractor's torts which are committed in the performance of the contracted work. *Humphries* v. *Kendall*, 195 Ark. 45, 111 S.W.2d 492 (1938). However, when an employer goes beyond certain limits in directing, supervising, or controlling the performance of the work, the relationship changes from employer and independent contractor to master and servant, and the master is liable for the servant's torts. *Meyer* v. *Moore*, 195 Ark. 1114, 115 S.W.2d 1087 (1938).

In drawing that line between independent contractor and servant, we look at the totality of the circumstances. *Alpha*

*Zeta Chapter of Pi Kappa Alpha Fraternity* v. *Sullivan*, 293 Ark. 576, 740 S.W.2d 127 (1987). Section 220 of the Restatement (Second) of Agency sets out the various circumstances or facts which are to be weighed in drawing the line:

> (a) the extent of control which, by the agreement, the master may exercise over the details of the work;
>
> (b) whether or not the one employed is engaged in a distinct occupation or business;
>
> (c) the kind of occupation, with reference to whether, in the locality, the work is usually done under the direction of the employer or by a specialist without supervision;
>
> (d) the skill required in the particular occupation;
>
> (e) whether the employer or the workman supplies the instrumentalities, tools, and the place of work for the person doing the work;
>
> (f) the length of time for which the person is employed;
>
> (g) the method of payment, whether by the time or by the job;
>
> (h) whether or not the work is a part of the regular business of the employer;
>
> (i) whether or not the parties believe they are creating the relation of master and servant; and
>
> (j) whether the principal is or is not in business.

We have written that (a) above, the extent of control, is the principal factor in determining the relationship. *Moore* v. *Phillips*, 197 Ark. 131, 120 S.W.2d 722 (1938). In Moore, we explained:

> By a long line of decisions this court is committed to the universal rule, that where the contractor is to produce a certain result, according to specific and definite contractual directions, agreed upon and made a part of the contract, and the duty of the contractor is to produce the net result by means and methods of his own choice, and the owner is not concerned with the physical conduct of either

the contractor or his employees, then the contract does not create the relation of master and servant. This court has consistently accepted and stated the settled rule that even though control and direction be retained by the owner, the relation of master and servant is not thereby created unless such control and direction relate to the physical conduct of the contractor in the performance of the work with respect to the details thereof. *St. Louis, I.M. & S. R.* v. *Gillihan*, 77 Ark. 551, 92 S.W. 793; *Moore Lumber Co.* v. *Starrett*, 170 Ark. 92, 279 S.W. 4.

Here, the employer was not concerned with the physical conduct of the contractor. Instead, he was concerned with the result. The fact that he wanted treated wood for the braces in the kitchen floor is a specification for the end result, and not supervision of the physical conduct of the contractor. The employer was not engaged in one of the building trades, knew nothing about them, had no tools, had no skill in the field, did not even know the helper's name, and had never before employed the contractor. The relationship between the employer and the contractor was in every way described in the Restatement test that of employer and independent contractor.

Viewing the evidence and all inferences most favorably to appellees, as we must do in the denial of a motion for a directed verdict, we cannot say there was any substantial evidence to support the verdict.

Reversed and dismissed as to appellant Blankenship.

Special Justice GENE E. McKISSIC joins in this opinion.

HAYS, J., and Special Justice EDDIE N. CHRISTIAN, dissent.

GLAZE and TURNER, JJ., not participating.

STEELE HAYS, Justice, dissenting. Relying only on a sterile record, the majority has overridden the trial court and jury, holding there is no substantial evidence to support the verdict. I fully concur in the dissenting opinion of Special Justice Eddie N. Christian, but offer these further observations.

Whether the relationship in this instance is one of master-servant or independent-contractor hinges, not on whether Bill Blankenship did exercise control over John Finley in the perform-

ance of the work, but whether, under the circumstances in their entirety, Blankenship had a *right to control*. It is the right to control that is decisive. *Hobbs-Western Co. v. Carmical*, 192 Ark. 59, 91 S.W.2d 605 (1936). That is a factual question of the broadest scope and subject to the most subtle nuances of proof.

As to whether Blankenship had a right to control, his own testimony provides the answer and refutes the assertion of the majority that he was interested only in the result:

> I went out to see the work. If it would not have been satisfactory to me, I would have told him that I didn't like it, that I wanted it changed and here's the way I want it done. . . . In my opinion, Mr. Finley was better at knowing how to save a dollar than he was to how to do a job right.

> *I expected Mr. Finley to do the work in a fashion which I wanted it done.* I believe that I could look at the tile as it progressed, if there was an area that something was wrong with the tile being laid there, I could say, *"This is wrong, correct it before you get down there."* [My emphasis.]

Given its strongest probative weight, that testimony is entirely sufficient to sustain an inference, as the jury found, that Mr. Blankenship was as interested in the manner of the work as in the end result.

EDDIE N. CHRISTIAN, Special Justice, dissenting. Appellees, Theresa Overholt and Debbie Frye, leased a house in Jacksonville, Arkansas, owned by appellant, Bill Blankenship. Blankenship hired John Finley to make certain repairs, including the laying of tile in the kitchen area of the leased premises. Finley, in the course of removing the old floor surface, utilized gasoline as a glue removal agent. A flash fire ensued and Frye was burned. Overholt's and Frye's personal property was also damaged or destroyed.

At trial, Blankenship alleged that there was no substantial evidence that Finley was his agent and argued that Finley occupied the status of an independent contractor. As a result, Blankenship made a motion for directed verdict.

The motion for directed verdict was denied and, after a jury

verdict in favor of the appellees, Blankenship lodged this appeal.

The sole issue before the court is whether the trial court was correct in denying Blankenship's motion for directed verdict.

In reviewing a denial of a motion for directed verdict, we give the proof its strongest probative force. Such proof, with all reasonable inferences, is examined in the light most favorable to the party against whom the motion is sought and if there is any substantial evidence to support the verdict, the trial court will be affirmed. *Grendell* v. *Kiehl*, 291 Ark. 228, 723 S.W.2d 830 (1987); *First Nat'l Bank of Wynne* v. *Leonard*, 289 Ark. 357, 711 S.W.2d 798 (1986).

We have held that a determination of whether an agency relationship is established doesn't depend on whether the agent is actually directed, but instead on whether authorization and the right to control exist. *Alpha Zeta Chapter of Pi Kappa Alpha Fraternity* v. *Sullivan*, 293 Ark. 576, 740 S.W.2d 127 (1987); *Evans* v. *White*, 284 Ark. 376, 682 S.W.2d 733 (1985).

In this case, Blankenship retained control over the type of materials used and, in fact, caused a change in the materials on two (2) occasions. Furthermore, he restricted the hours that Finley could work and admitted to visiting the job periodically to check on its progress. More importantly, and by his own admission, Blankenship would have caused Finley to change the work if it had not been satisfactory.

After considering all of the evidence in the light most favorable to the appellees, we cannot conclude that there is no substantial evidence to support the verdict.

Dissent.

HAYS, J., joins in this dissent.