James C. PLEDGER, Director Arkansas Department of Finance and Administration *v.* Coy Mac BOYD d/b/a Turf Plantation

90-236                                                     799 S.W.2d 807

Supreme Court of Arkansas
Opinion delivered December 10, 1990

*John Theis, Robert L. Jones, William Keadle, Cora Gentry, David Kaufman, Malcolm Bobo,* and *Beth B. Carson,* by: *Rick L. Pruett,* for appellant.

*Barrett, Wheatley, Smith & Deacon,* by: *Paul D. McNeill,* for appellee.

ROBERT H. DUDLEY, Justice. Appellant, Director of the Department of Finance and Administration, audited appellee's business and determined that the appellee taxpayer owed $8,337.26 in delinquent taxes and $1,989.78 in accrued interest. The assessment was based upon the director's determination that the taxpayer had not paid sales taxes on the sale of bermuda grass sod. The taxpayer paid the tax and interest under protest, and filed suit to challenge the director's application of the gross receipts tax to the sale of grass sod. The chancellor ruled that the taxpayer was a farmer and that his sale of sod was exempted under Ark. Code Ann. § 26-52-401(18)(C) (Supp. 1989) as the sale of a raw product from the farm directly to the consumer. The director appeals. We reverse the chancellor's decision, sustain the assessment, and remand the case for proceedings consistent with this opinion.

The taxpayer owns a farm on which he grows soybeans, cotton, wheat, and bermuda sod. The director did not assess the tax on sales of soybeans, cotton, and wheat, but did assess the tax on the sale of bermuda sod. Ninety-five percent of the sod is sold to landscapers, contractors, and nurseries. Five percent of the sales are to golf courses, country clubs, or homeowners. The taxpayer does not have a store or office at the farm and delivers the sod directly to the customers.

Ark. Code Ann. § 26-52-401(18)(C) specifically exempts from the sales tax the following:

> Gross receipts or gross proceeds derived from the sale of raw products from the farm, orchard, or garden, where the sale is made by the producer of the raw products directly to

the consumer and user;

However, the above exemption *"shall not be construed to exempt sales by* florist and *nurserymen."* (Emphasis added.) Ark. Code Ann. § 26-52-401(18)(F)(iv) (Supp. 1989).

Since 1941 the director and his predecessors in office have consistently interpreted the statute to include sod as a nursery product. Further, in 1987, the director issued a regulation stating: "the term 'agriculture' means operations engaged in and for the production of food or fiber."

■ The right to a tax exemption must be established beyond a reasonable doubt by the claimant. *Ragland* v. *General Tire & Rubber Co.,* 297 Ark. 394, 763 S.W.2d 70 (1989). Tax exemption statutes must be strictly construed against the exemption, and any doubt suggests that the exemption should be denied. *Id.* The interpretation given a statute by the agency charged with its execution is highly persuasive, and while it is not conclusive, neither should it be overturned unless it is clearly wrong. *Arkansas Contractors Licensing Bd.* v. *Butler Constr. Co.,* 295 Ark. 223, 748 S.W.2d 128 (1988). That is especially true where the agency's construction has been observed and acted upon for a long period of time. *Walnut Grove Dist. No. 6* v. *County Bd. of Educ.,* 204 Ark. 354, 162 S.W.2d 64 (1942). Exemption cases are reviewed *de novo* in this court. Applying the foregoing burdens, standards, and rules of interpretation we conclude that the taxpayer should have been determined to be a nurseryman as a matter of law and, thus, not entitled to the raw farm products exemption.

Webster's Third New International Dictionary defines nursery as "an area where trees, shrubs, or plants are grown for transplanting, for use as stocks for budding and grafting, or for sale." Here, the bermuda sod was grown for transplanting and for sale. Thus, the taxpayer's operation fits within the definition of a nursery. In *Hardin* v. *Vestal,* 204 Ark. 492, 162 S.W.2d 923 (1942), we held that an exemption for raw farm products did not constitute a denial of equal protection to florists and nurserymen. In doing so, we wrote:

> It is true that all grow from the soil, but the products grown by farmers are entirely separate and distinct from the

products grown by florists and nurserymen.

. . .

> Therefore, even though the business of the florist and nurserymen are subdivisions of agriculture, it is not difficult to distinguish their business from that of the farmer. Farming—the growing of grain, cotton, livestock, poultry and other produce—is absolutely essential to the life of the nation, while the growing of flowers and plants and of fruit trees and shrubs is not.

The same can certainly be said about the growing of bermuda sod.

The Nursery Fraud Act of 1919 defines "nursery" as a place where "nursery stock" is propagated. Ark. Code Ann. § 2-21-102(3) (1987). In a sentence which is nebulous, at best, the act seems to define "nursery stock" to include "plants and plant products for propagation." Ark. Code Ann. § 2-21-102(2) (1987). However the definition also can be read to include only "seeds of . . . plants and plant products for propagation." We need not waste time on the meaning of the sentence because, however the Nursery Fraud Act definition is read, we do not consider it to govern this tax exemption case.

In sum, the taxpayer has not established beyond a reasonable doubt that the exemption for the sale of raw farm products applies to the sale of bermuda sod to be used as fairways and lawns.

Reversed and remanded for proceedings consistent with this opinion.