The Honorable Charlotte Schexnayder State Representative P.O. Box 220 Dumas, Arkansas 71639-0220
Dear Representative Schexnayder:
This opinion is being issued in response to your recent questions regarding retirement benefits for municipal judges.
You indicate that your questions relate to a municipal judge who recently retired with service in excess of twenty years, and who is anticipating receiving retirement benefits under the provisions of A.C.A. § 24-8-308.
You have asked:
 (1) If the retired municipal judge is ever elected as a circuit or chancery judge, or receives an appointment to fill an unexpired term as such, will his twenty years of credited service as a municipal judge transfer to the Arkansas Judicial Retirement System?
 (2) As a sitting circuit or chancery judge, having been elected or appointed, and assuming that his credited service had been transferred to the Arkansas Judicial Retirement System, what would be the minimum number of years that must be served as a circuit or chancery judge in order for him to be entitled to retirement benefits under A.C.A. § 24-8-215?
 (3) In referring to election "after July 1, 1983," does A.C.A. § 24-8-215(d) refer to the time this person was first elected as a municipal judge, or does it refer to the time when he might first be elected or appointed as a circuit or chancery judge?
 (4) If the retiring municipal judge begins receiving benefits under A.C.A. § 24-8-308, based upon his service as a municipal judge, what effect will there be upon his retirement benefits, if he is elected or appointed in the future as a judge of a circuit or chancery court. That is, will his acceptance of retirement benefits under A.C.A. § 24-8-308
ever operate to preclude him from transferring his service as municipal judge to the Arkansas Judicial Retirement System as allowed by A.C.A. § 24-8-212?
RESPONSE
Question 1 — If the retired municipal judge is ever elected as a circuitor chancery judge, or receives an appointment to fill an unexpired termas such, will his twenty years of credited service as a municipal judgetransfer to the Arkansas Judicial Retirement System?
It is my opinion that if the municipal judge in question retires and begins receiving retirement benefits from his local retirement system, he may not transfer his twenty years of service as a municipal judge to the Arkansas Judicial Retirement System pursuant to A.C.A. § 24-8-212.
Such a course of action would be the equivalent of coming out of retirement and rejoining a retirement system. This is widely regarded in most retirement systems as impermissible unless expressly authorized by statute. The Arkansas legislature has authorized this scenario in only one retirement system — in local fire pension funds. See A.C.A. §24-11-827 (Supp. 1995). It is my opinion that if the legislature had intended to permit this course of action with the Arkansas Judicial Retirement System, it would have expressly provided for it. The provisions of A.C.A. § 24-8-212 do not do so. Rather, that statute is generally interpreted by the Board of the Arkansas Judicial Retirement System as contemplating transfer prior to retirement from the local system.
I therefore conclude that municipal judges may not retire from their local retirement systems, begin receiving benefits, and later transfer their years of service to the Arkansas Judicial Retirement System.
However, there is no provision of law that would prohibit judges from transferring their years of service to the Arkansas Judicial Retirement System if they have not yet retired and have never begun receiving benefits from the local system. (It is unclear whether judges can transfer if they have retired but have not begun receiving benefits. There is no available statutory, administrative, or judicial guidance on this question.)
In addition, there appears to be no provision of law that would prohibit judges from retiring from the local system, receiving benefits from that system, never transferring their years of service, but later accruing separate credited years of service in the Arkansas Judicial Retirement System as circuit or chancery judges. Indeed, this approach may be the most advantageous in light of the fact that in order to transfer under A.C.A. § 24-8-212, judges are required to pay into the system the contributions that they would have made had they been circuit or chancery judges for the years that they wish to transfer. See A.C.A. §24-8-212(3).
To summarize, it is my opinion that the judge cannot transfer his twenty years of service as a municipal judge if he has begun receiving benefits from the local system. However, it is my opinion that he can transfer his years of service as a municipal judge if he has not yet retired and has not begun receiving benefits from the local system. In addition, it is my opinion that the judge can receive benefits from the local system for his years of service as a municipal judge, but can also accrue separate credited years of service in the Arkansas Judicial Retirement System as a circuit or chancery judge.
Question 2 — As a sitting circuit or chancery judge, having been electedor appointed, and assuming that his credited service had been transferredto the Arkansas Judicial Retirement System, what would be the minimumnumber of years that must be served as a circuit or chancery judge inorder for him to be entitled to retirement benefits under A.C.A. §24-8-215?
The Board of the Arkansas Judicial Retirement System has consistently and resolutely taken the position that A.C.A. § 24-8-215(d) requires a minimum of eight years of service as a circuit or chancery judge or as a justice of the Supreme Court or Court of Appeals. It is my understanding that in interpreting the phrase "eight (8) years of actual service . . .," the Board relies heavily on the legislature's use of the term "actual," reading it to mean real service, as opposed to purchased
service. This interpretation must be accorded some weight. The Arkansas Supreme Court has held that an interpretation given to a statute by the agency charged with its execution is highly persuasive, and while it is not conclusive, neither should it be overturned unless it is clearly wrong, especially where the agency's construction has been observed and acted upon for a long period of time. Pledger v. Boyd, 304 Ark. 91,799 S.W.2d 807 (1990).
For this reason, I conclude that a judge must serve a minimum of eight actual years as a circuit or chancery judge or as a justice of the Supreme Court or Court of Appeals in order to be entitled to retirement benefits under the Arkansas Judicial Retirement System.
Question 3 — In referring to election "after July 1, 1983," does A.C.A.§ 24-8-215(d) refer to the time this person was first elected as amunicipal judge, or does it refer to the time when he might first beelected or appointed as a circuit or chancery judge?
For the reasons stated in response to Question 2, it is my opinion that A.C.A. § 24-8-215(d), as applied to the judge about whom you have inquired, refers to the time that the municipal judge was first elected or appointed as a circuit or chancery judge.
Question 4 — If the retiring municipal judge begins receiving benefitsunder A.C.A. § 24-8-308, based upon his service as a municipal judge,what effect will there be upon his retirement benefits, if he is electedor appointed in the future as a judge of a circuit or chancery court.That is, will his acceptance of retirement benefits under A.C.A. §24-8-308 ever operate to preclude him from transferring his service asmunicipal judge to the Arkansas Judicial Retirement System as allowed byA.C.A. § 24-8-212?
As indicated in response to Question 1, it is my opinion, for the reasons stated therein, that if the municipal judge in question begins receiving benefits from his local retirement system, he will be precluded from transferring his years of service as a municipal judge to the Arkansas Judicial Retirement System. However, as also indicated in response to Question 1, it is my opinion that the judge's acceptance of benefits from his local system would not operate to preclude him from later accruing separate credited years of service in the Arkansas Judicial Retirement System as a circuit or chancery judge.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh