Elizabeth FRAWLEY and J & J Bonding, Inc. *v.*
Tom NICKOLICH

CA 00-872                                          41 S.W.3d 420

Court of Appeals of Arkansas
Division II
Opinion delivered April 4, 2001

*Wright & Van Noy*, by: *Herbert T. Wright, Jr.*, for appellants.

*Mark Pryor*, Att'y Gen., by: *Ainsley H. Lang*, Ass't Att'y Gen., for appellee.

KAREN R. BAKER, Judge. This is an administrative appeal from the Arkansas Professional Bail Bond Company and Professional Bail Bondsman Licensing Board. The appellant, Elizabeth Frawley, is a licensed bail bondsman who was employed by appellant, J & J Bonding, Inc., on December 16, 1997. Appellant Frawley was notified by the Board that she solicited business or advertised for business in or about a place where prisoners were confined in violation of Ark. Code Ann. section 17-19-105(2). Appellant J & J Bonding, Inc. was notified that it was responsible for Ms. Frawley's actions pursuant to Ark. Code Ann. section 17-19-210(b) because she was acting within the scope of her authority as a J & J bondsman. The statutory prohibition against solicitation reads as follows:

> No professional bail bondsman or professional bail bond company, nor court, nor law enforcement officer nor any individual working on behalf of a professional bail bondsman or professional bail bond company shall: . . .(2) Solicit business or advertise for business in or about any place where prisoners are confined or in or about any court; . . . .

Ark. Code Ann. § 17-19-105(2) (Supp.1999).

This prohibition was amended in 1997 with an effective date of July 1, 1997. The amendment inserted the language "nor any individual working on behalf of a professional bail bondsman or professional bail bond company" in the introductory language. *Id.* (commentary).

The charges in this case were based upon allegations that Dixie Hinerman, a friend of Ms. Frawley's, accompanied Ms. Frawley to the Pulaski County jail and distributed business cards of Ms. Frawley's to a trusty and others at the facility. A hearing was held before the Board on March 13, 1998, and the Board found appellants guilty of the charges. The Board suspended Ms. Frawley's license for ninety days and imposed a fine of $2,500 against J & J Bonding. Appellants timely appealed the Board's decision and argued to the circuit court, and again in this appeal, that there was no evidence of an agency relationship between Ms. Hinerman and Ms. Frawley. They urge that without evidence of an agency relationship, Ms. Hinerman's actions on December 16, 1997, should not have been imputed to Ms. Frawley. In addition, they argue that the punishments imposed were unduly harsh and excessive.

■ This court's review, like that of the circuit court, is limited in scope and is directed not to the decision of the circuit court, but to the decision of the administrative agency. *Tomerlin & All Arkansas Bail Bond Co., Inc. v. Nickolich,* 342 Ark. 325, 331, 27 S.W.3d 746, 749 (2000) (citing *Arkans as Bd. Of Exam'rs v. Carlson,* 334 Ark. 614, 976 S.W.2d 934 (1998)); *Arkansas Dept. of Human Servs. v. Thompson,* 331 Ark. 181, 959 S.W.2d 46 (1998). Our review is limited to ascertaining whether there is substantial evidence to support the agency's decision. *Id.*

■ The Arkansas Supreme Court set forth the following test for determining whether substantial evidence supports the agency's decision:

Substantial evidence has been defined as valid, legal, and persuasive evidence that a reasonable mind might accept as adequate to support a conclusion, and force the mind to pass beyond conjecture. The challenging party has the burden of proving an absence of substantial evidence. To establish an absence of substantial evidence to support the decision the challenging party must demonstrate that the proof before the administrative tribunal was so nearly

undisputed that fair-minded persons could not reach its conclusion. The question is not whether the testimony would have supported a contrary finding but whether it supports the finding that was made. It is the prerogative of the agency to believe or disbelieve any witness and to decide what weight to accord the evidence.

*Arkansas State Police Comm'n v. Smith*, 338 Ark. 354, 362, 994 S.W.2d 456, 461 (1999)(citations omitted).

To prevail, appellants must demonstrate that the proof before the administrative tribunal was so nearly undisputed that fair-minded persons could not reach the conclusion that Ms. Hinerman was working on behalf of appellants when she distributed Ms. Frawley's business cards at the Pulaski County jail.

The following facts were largely undisputed. On December 16, 1997, Ms. Hinerman accompanied Ms. Frawley to the Pulaski County jail. Ms. Frawley left her cellular phone with · Ms. Hinerman outside the facility and entered the jail on a bond matter. While Ms. Frawley was inside the facility, Ms. Hinerman gave several of Ms. Frawley's business cards to an inmate with trusty status and told him to take the cards into the jail and pass them out to anyone who needed them. She also passed out cards to other individuals. At least one of these cards had Ms. Hinerman's name handwritten with "Sec." to indicate secretary. All of the cards had both Ms. Frawley's and J & J Bonding's names imprinted. The cards also listed Ms. Frawley's cellular phone number. Although not paid by Ms. Frawley, Ms. Hinerman helped Ms. Frawley by driving around with her and answering her cellular phone. When answering the telephone for Ms. Frawley, Ms. Hinerman would gather the caller's name, phone number, and information about the person for whom a bond was sought. She denied giving specific information about fees for obtaining a bond and claimed she only answered a few phone calls. Both Ms. Frawley and J & J Bonding would receive the financial benefit of any bail bond business solicited by Ms. Hinerman through the distribution of cards on December 16, 1997, in or about the premises of the Pulaski County jail. Ms. Frawley denied knowing that Ms. Hinerman was distributing the cards at the time of distribution, but said she was upset with Ms. Hinerman when she found out and told her never to do it again.

The Arkansas Supreme Court adopted the definition of agency contained in the Second Restatement of the Law of Agency, § 1, comment a, which provides that the relation of agency is created as the result of conduct by two parties manifesting that

one of them is willing for the other to act for him subject to his control, and that the other consents so to act. The principal must in some manner indicate that the agent is to act for him, and the agent must act or agree to act on the principal's behalf and subject to his control. *Evans v. White*, 284 Ark. 376, 682 S.W.2d 733 (1985) (citing *Crouch v. Twin City Transit*, 245 Ark. 778, 434 S.W.2d 816 (1968)). The two essential elements of the definition are authorization and right to control. *Id.*

■ ■ There is substantial evidence from which the Board could conclude that Ms. Hinerman was acting on behalf of Ms. Frawley when distributing her business cards at the jail. Ms. Frawley left Ms. Hinerman with access to her business cards and cellular phone and gave instructions to obtain certain information from the callers regarding their bonding needs. The cards had Ms. Frawley's cellular phone number on them. Ms. Frawley left Ms. Hinerman outside the detention facility while she was inside preparing a bond on behalf of J & J Bonding. Appellants fail to demonstrate how a fair-minded person could not reach the conclusion that Ms. Frawley in some manner indicated that Ms. Hinerman was to act for her. Neither have appellants demonstrated that a fair-minded person could not reach the conclusion that Ms. Hinerman acted on appellants' behalf. It is logical to conclude that someone who received a business card could contact Ms. Frawley and J & J Bonding for a bond and therefore the distribution of the card was on appellants' behalf. Even if no one contacted appellants as a result of the distribution, Ms. Hinerman's actions were still on behalf of appellants in that she was providing individuals with the name and number of a bail bondsman. Similarly, Ms. Frawley's instruction to Ms. Hinerman to never pass out the cards again at a jail supports the conclusion that Ms. Hinerman was subject to appellants' control in some way, whether or not appellants had prior knowledge of this specific distribution of cards by Ms. Hinerman. Therefore, Ms. Frawley is accountable for Ms. Hinerman's actions. In addition, substantial evidence supports the finding that Ms. Frawley was acting within the scope of her employment as a J & J bondsman, and J & J was properly held accountable pursuant to statute.

■ Regarding the sanctions imposed, Ms. Frawley's ninety-day suspension is not an abuse of discretion or unduly harsh, particularly in light of the fact that under Ark. Code Ann. section 17-19-210(a) she was subject to a one-year suspension. Likewise, J & J Bonding's fine of $2500, in lieu of suspension or revocation of its license as an administrative penalty pursuant to section 17-19-211, was in the mid-range of fines. The sanctions are fair and reasonable.

Accordingly, we affirm.

Affirmed.

GRIFFEN and CRABTREE, JJ.,agree.