# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-1214

_____

| | | |
|---|---|---|
| Shelter Mutual Insurance Company, | * | |
| | * | |
| Plaintiff - Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Arkansas. |
| Robert Jones, doing business as | * | |
| Top Notch Mobile Home Service; | * | [PUBLISHED] |
| Top Notch Mobile Home Service; | * | |
| | * | |
| Defendants, | * | |
| | * | |
| Dennis Knight, | * | |
| | * | |
| Defendant - Appellant. | * | |

_____

Submitted: August 19, 2003
Filed: September 8, 2003

_____

Before RILEY, HANSEN, and SMITH, Circuit Judges.

_____

PER CURIAM.

Dennis Knight (Knight) appeals the district court's adverse grant of summary judgment in Shelter Mutual Insurance Company's (Shelter) declaratory judgment action. We vacate and remand for further proceedings.

Knight sustained injuries while working for Top Notch Mobile Home Service, Inc. (Top Notch), a business operated by Robert Jones (Jones). Shelter filed this diversity action against Knight, Jones, and Top Notch, seeking a declaration Knight's injuries were excluded from policy coverage because Knight was an "employee" of Jones and Top Notch, and the policy excluded coverage for employees. Knight opposed the action, arguing he was either an "independent contractor"[1] or a "temporary worker," and therefore was covered under the policy. The district court concluded the undisputed facts showed Knight was an employee as a matter of law, and granted summary judgment to Shelter.

We review de novo the district court's grant of summary judgment, see Lerohl v. Friends of Minn. Sinfonia, 322 F.3d 486, 488 (8th Cir. 2003), as well as the district court's interpretation of state law, see Reimer v. City of Crookston, 326 F.3d 957, 961 (8th Cir. 2003). Applying the factors outlined in Blankenship v. Overholt, 786 S.W.2d 814, 815 (Ark. 1990), we conclude Knight was not an independent contractor.[2] Viewing the record in the light most favorable to Knight, the record

---

[1]Knight also refers to himself as a "contract laborer," but does not explain how the term differs from "independent contractor." For purposes of the appeal we assume the terms are synonymous.

[2]To determine whether an individual was acting as an independent contractor, we look at the totality of the circumstances. Blankenship, 786 S.W.2d at 815. The factors to be considered are "(a) the extent of control which, by the agreement, the master may exercise over the details of the work; (b) whether or not the one employed is engaged in a distinct occupation or business; (c) the kind of occupation, with reference to whether, in the locality, the work is usually done under the direction of the employer or by a specialist without supervision; (d) the skill required in the particular occupation; (e) whether the employer or the workman supplies the instrumentalities, tools, and the place of work for the person doing the work; (f) the length of time for which the person is employed; (g) the method of payment, whether by the time or by the job; (h) whether or not the work is a part of the regular business of the employer; (i) whether or not the parties believe they are creating the relation

established Jones controlled the details of Knight's job, either directly or through Knight's supervisor; only basic skills were required for Knight's job; Knight supplied some basic tools, but Jones provided the bulk of the tools; the tasks Knight performed were part of Top Notch's regular business of setting up mobile homes; and Jones owned the business for which he hired Knight. Further, we do not believe our conclusion is undermined by either the fact that Jones did not withhold taxes from Knight's checks, or the fact that Jones provided Knight with 1099 tax forms rather than W-2 forms. See Howard v. Dallas Morning News, Inc., 918 S.W.2d 178, 179, 183, 185 (Ark. 1996) (reversing summary judgment granted to newspaper publisher because genuine issue existed regarding whether newspaper carrier was employee or agent of publisher, even though publisher did not pay carrier compensation, insurance, or other benefits); Eagle Star Ins. Co. v. Deal, 474 F.2d 1216, 1218-20 (8th Cir. 1973) (in construing insurance policy's definition of "employee," economic reality rather than legalistic form should be determinative).

Although Knight was clearly not an independent contractor, Knight's injuries nevertheless may have been covered if he was a "temporary worker" within the meaning of the policy. The policy defines "temporary worker" as "a person who is furnished to you to substitute for a permanent 'employee' on leave or to meet seasonal or short-term workload conditions." Knight testified he worked "[j]ust in the summers, in the spring. When Mr. Jones needed help, you know, he'd put me to work." In light of the district court's failure to address whether Knight was a "temporary worker," we express no opinion as to whether Knight created a genuine issue of fact on the claim. This is for the district court, in the first instance, to decide. See Cavegn v. Twin City Pipe Trades Pension Plan, 223 F.3d 827, 831 (8th Cir.

---

of master and servant; and (j) whether the principal is or is not in business." Id. (citing Restatement (Second) of Agency § 220 (1958)). Among these factors, factor (a), the extent of control, is the "principal factor in determining the relationship." Id.

2000) (appellate court does not usually address issues that have not been considered by district court).

Accordingly, we vacate the district court's summary judgment and remand for further proceedings consistent with this opinion.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.