The Honorable Bobby L. Hogue State Representative Speaker of the House Post Office Box 97 Jonesboro, Arkansas 72403-0097
Dear Speaker Hogue:
This is in response to your request for an opinion on two questions relating to the Arkansas Securities Act (the "Securities Act").
First, you state your understanding that the Arkansas Securities Department (the "Department") interprets A.C.A. § 23-42-301(e), as amended by Act 845 of 1995, "as requiring each broker dealer which has an office in Arkansas to designate at least one principal who is both an Arkansas resident and an officer of the broker dealer." You have requested my opinion "as to whether the Arkansas principal must also be an officer of the broker dealer."
Second, you state that you have been informed that the Department "is of the opinion that the Arkansas Securities Act does not recognize independent contractor status but that all registered representatives are considered employees." You have requested my opinion "as to whether independent contractor status is possible under the Arkansas Securities Act."
With respect to your first question, A.C.A. § 23-42-301(e) provides in relevant part:
 (1) At least one (1) officer or partner, who shall have direct supervision over the purchase and sale of securities in Arkansas, shall be:
 (A) Registered as an agent and designated a principal of a broker-dealer. . . .
 (2) Each broker-dealer which has an office located in Arkansas shall designate at least one principal who is a resident of this state.
Arkansas Code Annotated § 23-42-301(e) is the only section of the Securities Act in which the word "principal" is used to refer to a person supervising the purchase and sale of securities, and the word is not defined in the Securities Act. It is my understanding that the Department consistently has, since A.C.A. § 23-42-301(e) was added to the Act by Act 836 of 1983, interpreted the language of A.C.A. § 23-42-301(e)(1) as containing at least a partial definition of the word "principal," or a limitation upon the status of those individuals who may be named principals. In other words, my understanding is that the Department is of the view that, due to the language of A.C.A. § 23-42-301(e)(1) and the lack of any express statutory definition of the word providing otherwise, only an officer or partner may be designated a principal. Under this interpretation of the statute, a principal must also be a person who is registered as an agent and who has direct supervision over purchases and sales.
It is true that the statute does not purport to be a definition of the word "principal" and that it does not expressly state that only an officer or partner may be a principal. One might argue that the legislature intended the word "principal" to mean a person licensed as such by the National Association of Securities Dealers, Inc.,[1] and such an interpretation would not appear to be unreasonable. When, however, a regulatory agency charged with the administration and enforcement of a statute has interpreted it to mean a certain thing, that interpretation will be given great deference by the courts and will be deemed to be highly persuasive, although not conclusive. Matter ofSugarloaf Mining Co., 310 Ark. 772, 776, 840 S.W.2d 172 (1991); ArkansasDept. of Human Services v. Greene Acres Nursing Homes, Inc.,296 Ark. 475, 478, 757 S.W.2d 563 (1988). This is particularly so where the administrative interpretation is of long standing, Pledger v. Boyd,304 Ark. 91, 93, 799 S.W.2d 807 (1990), or where the statute is ambiguous,Leathers v. W.S. Compton Co., Inc., 316 Ark. 10, 13, 870 S.W.2d 710
(1994). In such a case, the administrative interpretation will not be disregarded unless it is clearly wrong. Pledger, 304 Ark. at 93;Leathers, 316 Ark. at 13.
Here, I cannot conclude that the Department is clearly wrong in interpreting A.C.A. § 23-42-301(e)(1) to require that any person designated a principal under the Securities Act must be an officer or partner of the broker-dealer. Because A.C.A. § 23-42-301(e)(1) requires each principal to be an officer or partner and A.C.A. § 23-42-301(e)(2) requires the designation of at least one resident principal, it is my opinion that each broker-dealer with an office in Arkansas must designate as a principal an individual who is both an officer or partner[2] and a resident of the state.
With respect to your second question, I am in receipt of an interpretative memorandum from the Department dated July 1, 1987, to all broker-dealers registered or applying to be registered, which addresses the issue. In the memorandum, the Department states its position as follows:
 The relationship of "independent contractor" between a broker-dealer and an agent is not recognized under [the] Arkansas Securities Act. Any person sponsored by a broker as an agent is a representative of the broker-dealer in the offer, sale or purchase of securities for civil and regulatory purposes, regardless of any agreement between the broker-dealer and the agent purporting to limit the liability of the broker-dealer and classify the agent as an "independent contractor." Unless an agent is separately registered as a broker-dealer, he will be considered to be an employee of and acting on behalf of the broker-dealer with which he is registered in the offer, sale or purchase of securities.
The memorandum continues:
 If the broker is unwilling to assume the supervisory duties and accompanying liabilities inherent in the relationship of broker-dealer and agent as set forth above, it is necessary that the broker-dealer terminate the agent's association with the broker-dealer and that each agent that is designated as an "independent contractor" become registered as a broker-dealer.
It is my understanding that each broker-dealer registered under the Securities Act has executed and delivered to the Department an acknowledgment of its understanding of the Department's position, as stated above.
As stated in the memorandum, only broker-dealers and agents are authorized under the Securities Act to effect transactions for the accounts of others. See A.C.A. §§ 23-42-102(2), as amended by Act 845, and23-42-102(3) (Pamp. 1995). By definition, an agent represents a broker-dealer. See A.C.A. § 23-42-102(2). An independent contractor is not generally viewed as representing the person with whom he contracts. As stated by the Department in the memorandum:
 By sponsoring an agent and signing the agent's Form U-4, a broker-dealer agrees to be responsible for any acts of the agent in connection with the offer, purchase or sale of securities, which may include acts which the broker-dealer considers to be outside the scope of the agent's employment.
In determining whether a person is an employee or an independent contractor, the Supreme Court of Arkansas examines the totality of the surrounding circumstances. Blankenship v. Overholt, 301 Ark. 476, 478,786 S.W.2d 814 (1990). The "principal factor" in determining the nature of the relationship is the extent of control the master may exercise over the details of the work. Blankenship, 301 Ark. at 479.
Correspondence enclosed with your request indicates that the Department is of the view that under the Securities Act a broker-dealer has not only the right, but also the duty, to supervise the manner in which its agents perform their jobs, and not just the results of their efforts. A broker-dealer's registration may be suspended or revoked if, among other things, it "has failed reasonably to supervise [its] agents. . . ." A.C.A. § 23-42-308(a)(2)(J), as amended by Act 845 of 1995. It is obvious that the supervision envisioned and required by the Securities Act is of the manner, not the result, of the agent's performance. Nothing in the Securities Act suggests that the legislature was concerned with whether an agent is successful in merely in effecting or causing to be effected transactions in securities. It is clear, however, that the legislature was concerned with the manner in which such transactions are effected. For example, a person and anyone controlling him may be liable for effecting transactions by means of untrue statements of material fact.See A.C.A. §§ 23-42-106(a)(1)(B), as amended by Act 845 of 1995, and23-42-106(c) (Repl. 1994). The prohibition on the making of such statements in connection with securities transactions is clearly a regulation of the manner in which securities transactions are effected, not of the result of efforts to effect or cause to be effected such transactions.
In my opinion, the Department's interpretation of the Securities Act in this area is correct, and the relationship of independent contractor between a broker-dealer and an agent is not recognized or possible under the Securities Act. In addition, its interpretation is, of course, entitled to the same deference as its interpretation of A.C.A. §23-42-301(e) discussed above.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General J. Madison Barker.
Sincerely,
WINSTON BRYANT Attorney General
WB:JMB/cyh
[1] The word "principal" does not appear to be defined in either the (federal) Securities Act of 1933 or Securities Exchange Act of 1934 or in the rules of the Securities and Exchange Commission thereunder.
[2] I assume that you did not intend, by referring in your request only to officers, to suggest that the Department makes a distinction between officers and partners for this purpose. Correspondence included with your request makes clear that the Department makes no such distinction.