The Honorable Earnest E. Brown, Jr. State Representative Post Office Box 6116 Pine Bluff, Arkansas 71611-6116
Dear Representative Brown:
I am writing in response to your request for my opinion on the following two questions:
 1. Who should render legal opinions to a County Board of Election Commissioners?
 2. Is it appropriate under the Arkansas Freedom of Information Act (FOIA) for a County Board of Election Commissioners to meet in Executive Session to consider disciplining an election worker/poll worker with discussion properly delving into all circumstances surrounding the incident that gave rise to the question of discipline in the first place?
RESPONSE
In response to your first question, I believe that the answer depends on the type of legal advice that is sought. A county board of election commissioners may seek legal opinions, advice, or assistance regarding a civil suit from the prosecuting attorney. In addition, a county board of election commissioners is entitled to an official opinion from the Attorney General on an inquiry regarding the election laws of the state. In response to your second question, I believe that a county *Page 2 
board of election commissioners may meet in an executive session to consider disciplining a poll worker.[1]
Question 1: Who should render legal opinions to a County Board ofElection Commissioners?
In general, the prosecuting attorney or his deputy should render legal opinions to a county board of election commissioners. Ark. Code Ann. § 7-4-107(a) provides that:
 (a) The county board of election commissioners, as created by this subchapter, may call upon the prosecuting attorney or his deputy for legal opinions, advice, or assistance in defending, commencing, or appealing civil actions at law and equity.
Also, in the case of Kirkwood v. Carter, the Arkansas Supreme Court stated that the board of election commissioners "had a right and obligation . . . under the Constitution and laws of this state" to seek the advice of the prosecuting attorney regarding the scope of its duties. 252 Ark. 1124, 1127, 482 S.W.2d 608, 611 (1972).
In addition, under Ark. Code Ann. § 25-16-706(b):
 (b) The Attorney General is required to furnish to county boards of election commissioners an official opinion upon any inquiry submitted to him or her concerning the provisions of the election laws of this state.
Question 2: Is it appropriate under the Arkansas Freedom ofInformation Act (FOIA) for a County Board of Election Commissioners tomeet in Executive Session to consider disciplining an electionworker/poll worker with discussion properly delving into allcircumstances surrounding the incident that gave rise to the question ofdiscipline in the first place? *Page 3 
In general, a meeting of a county board of election commissioners must be open pursuant to the FOIA. See Ark. Code Ann. § 7-4-105(b) (2000). That section states:
 Any meeting of two (2) or more commissioners when official business is conducted shall be public and held pursuant to the Freedom of Information Act of 1967, § 25-19-101 et seq.
The FOIA permits a closed executive session to be held "only for the purpose of considering employment, appointment, promotion, demotion, disciplining, or resignation of any public officer or employee." Ark. Code Ann. § 25-19-106(c) (Supp. 2007) (emphasis added).[2] For this reason, an executive session may properly be held to consider disciplining an election worker/poll worker only if an election worker/poll worker may properly be described as a public officer or employee.[3] The FOIA does not define the term "public officer" or the term "employee."
However, Ark. Code Ann. § 7-1-101(9) defines the term "election officer" to include "a person who is a poll worker, having been designated by a county board of election commissioners to be an election clerk, election judge, or election sheriff." Moreover, these election officials are charged with public duties, including the duty to "studiously endeavor to prevent fraud, deceit, and abuse in conducting the [election.]" Ark. Code Ann. § 7-4-110(a). In my opinion, because a poll worker is an "election officer" under Ark. Code Ann. § 7-1-101(9) and is *Page 4 
charged with public duties by Ark. Code Ann. § 7-4-110(a), a poll worker qualifies as a "public officer" for purposes of the FOIA.[4]
Whether a poll worker qualifies as an "employee" is far less certain. The existence of an employment relationship is generally a question of fact determined by reference to various factors, the most important of which is degree of control. See Blankenship v. Overholt, 301 Ark. 476,479, 786 S.W.2d 814, 817 (1990).
Nevertheless, because of my opinion that a poll worker qualifies as a public officer for purposes of the FOIA, I believe that a county board of election commissioners may meet in an executive session to consider disciplining a poll worker.
Assistant Attorney General Jennie Clingan prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL, Attorney General
[1] This response assumes that the discipline contemplated is within the power of the election commissioners and that the executive session itself stays within the boundaries set forth by the applicable law. Your opinion request did not set forth the type of discipline contemplated or any other attendant facts in that regard.
[2] It should be noted that, "No resolution, ordinance, rule, contract, regulation, or motion considered or arrived at in executive session will be legal unless, following the executive session, the public body reconvenes in public session and presents and votes on the resolution, ordinance, rule, contract, regulation, or motion." Ark. Code Ann. § 25-19-106(c)(4) (Supp. 2007). In addition, despite the inclusion of the word "only" in the cited language, the legislature has created other limited circumstances, not applicable here, where an executive session is appropriate. See Ark. Code Ann. § 25-19-106(c)(5)(A) 
(6)(A).
[3] This analysis reflects my belief that the portion of Ark. Code Ann. § 7-4-105(b) which states that a meeting of two of more commissioners "shall be public and held pursuant to the Freedom of Information Act of 1967, § 25-19-101 et seq." makes the entire FOIA, including the ability to go into executive session under Ark. Code Ann. § 25-29-106(c), applicable to a county board of election commissioners.Compare Ark. Code Ann. § 14-116-308 (The meetings of a board of directors of a regional water distribution district "shall be open to the public, and the board shall at no time go into executive session.")
[4] This analysis assumes that the "election worker/poll worker" in question meets the description of a poll worker set forth in Ark. Code Ann. § 7-1-101(9). Your opinion request did not set forth the information necessary to make a determination in that regard. *Page 1