The Honorable Andrea Lea State Representative Post Office Box 1342 Russellville, Arkansas 72811-1342
Dear Representative Lea:
This is in response to your request for an official opinion on the following questions:
 1. If you receive a W-2 and taxable benefits such as vacation time, are you considered an employee of the entity that sends you that W-2?
 2. Does state law supersede federal law when it comes to employment classifications?
RESPONSE
Your questions cannot be satisfactorily addressed without considering their particular context. Additionally, depending upon the questions' context or purpose, providing an answer may be tantamount to giving private legal advice, which I am specifically prohibited by statute from doing.[1]
I note that as background for these questions you report that "[f]ederal law (IRS statute) states a person is considered to be in one of three categories — employed, unemployed or subcontractor." I will not speculate regarding the precise context *Page 2 
of the above questions, but it seems clear from this statement that the issue centers on the existence of an employer/employee relationship. The existence of an employment relationship is generally a question of fact to be determined by reference to various factors.[2] Such factual determinations are outside the limited scope of an Attorney General opinion. I am not empowered as a fact finder in the issuance of official opinions. Moreover, I generally am not in a position to counsel individuals regarding their employment status as this would involve engaging in the private practice of law, contrary to A.C.A. § 25-16-701.
I also note that your questions may relate to a person's employment status for tax-related purposes. Such matters are appropriately addressed to taxation authorities, including the Revenue Division of the Arkansas Department of Finance and Administration as regards state income tax, and the Internal Revenue Service as regards federal income tax. Individual tax-related issues are outside the scope of matters upon which the Attorney General is authorized to offer analysis and advice.[3]
It becomes apparent that your questions likely raise issues that must be addressed by private legal counsel. I suggest that the necessary information be presented to private counsel for resolution with reference to the particular factual context.
Deputy Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
DM:EAW/cyh
[1] A.C.A. § 25-16-701 (Repl. 2002) ("During his or her term of office, the Attorney General shall not engage in the private practice of law, which shall include, but not be limited to, acting as office counsel, participating in litigation, and accepting retainers.").
[2] E.g., Blankenship v. Overholt,301 Ark. 476, 786 S.W.2d 814 (1990) (involving question of employer-and-independent contractor relationship versus master-and-servant relationship for purpose of determining possible vicarious tort liability). See also Cash v. Carter,312 Ark. 41, 847 S.W.2d 18 (1993).
[3] See A.C.A. § 25-16-706 (Repl. 2002) (requiring the Attorney General to give his or her opinion to various public servants and entities on constitutional and legal matters of official significance.) Attorney General opinions are therefore not provided for the benefit of private third parties and should not be relied upon for that purpose. Op. Att'y Gen. 2008-145. *Page 1